724 F.Supp. 1200 (1989)
Thomas A. WILKINSON, III, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. C-C-89-307-P.
United States District Court, W.D. North Carolina, Charlotte Division.
November 14, 1989.
*1201 Cecil M. Curtis, Charlotte, N.C., for plaintiff.
Clifford C. Marshall, Asst. U.S. Atty., Asheville, N.C., for defendant.

ORDER
ROBERT D. POTTER, Chief Judge.
THIS MATTER is before the Court on Plaintiff's Motion to Remand to Mecklenburg County Superior Court (hereafter "Motion to Remand"), filed August 14, 1989. On September 18, 1989, Defendant filed a Response to Plaintiff's Motion to Remand.
Plaintiff originally brought this action in the General Court of Justice of North Carolina, *1202 Superior Court Division, Mecklenburg County, to quiet title to certain property located in Mecklenburg County, North Carolina, on which the United States of America has a tax lien in the amount of $28,920.30. Defendant was served on July 12, 1989, with a copy of the Civil Summons and the Complaint. On July 31, 1989, Defendant filed in this Court a Notice of Removal,[1] in which Defendant based removal of Plaintiff's action on section 1441(a) of Title 28 of the United States Code. Plaintiff subsequently filed the Motion to Remand now before the Court.
The entire issue of the propriety of Defendant's removal to federal district court might have been academic if Defendant had based removal of Plaintiff's action on section 1444 of Title 28 of the United States Code.
Plaintiff filed this action in state court under section 2410 of Title 28 of the United States Code. Section 2410(a) provides in pertinent part:
Under the conditions prescribed in this section and section 1444 of this title ..., the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter  (1) to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien.
28 U.S.C.A. § 2410(a) (West 1978). Courts universally have construed section 2410 to be a waiver of sovereign immunity in civil actions in which the United States is named as a party in actions to quiet title to real or personal property on which the United States has or claims a lien. See Hudson County Bd. of Chosen Freeholders v. Morales, 581 F.2d 379, 382-83 (3rd Cir.1978); Remis v. United States, 273 F.2d 293, 294 (1st Cir.1960); see also 28 U.S.C.A. § 2410(a) (West 1978). In section 2410, Congress specifically authorizes a party bringing an action to quiet title to file the action in either state court or federal district court. 28 U.S.C.A. § 2410(a) (West 1978). In section 2410, Congress, however, explicitly conditions the allowance of suit in state court on section 1444.
Section 1444 provides:
Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending.
28 U.S.C.A. § 1444 (West 1973). Thus, section 1444 specifically authorizes the United States to remove to a federal district court an action filed in a state court pursuant to section 2410. See id. Courts generally have held that section 1444 confers on the United States a substantive right, independent of other jurisdictional limitations, to remove an action originally filed in state court. City of Miami Beach v. Smith, 551 F.2d 1370, 1373-74 n. 5 (5th Cir.1977); Hood v. United States, 256 F.2d 522, 525 (9th Cir.1958). The Court is of the opinion, thus, that if Defendant had based removal of Plaintiff's action on section 1444, the propriety of removal would not be at issue.
Defendant, however, has elected to ignore the substantive right to remove Plaintiff's action under section 1444 and has chosen to base removal of Plaintiff's action under section 1441(a). Defendant has not moved the Court for leave to amend the Notice of Removal to reflect that Defendant's alternative basis for removal is section 1444. The Court believes, therefore, that although attempting in the Response to Plaintiff's Motion to Remand, Defendant now cannot rely upon section 1444 to remove Plaintiff's action.
The Court now must address the propriety of Defendant's removal under section 1441(a). In challenging Defendant's removal to federal district court, Plaintiff contends, first, that section 1441(a) excepts removal of this action to federal district *1203 court. Section 1441(a) provides in pertinent part:
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
28 U.S.C.A. § 1441(a) (West Supp.1989). Apparently, Plaintiff's contention focuses on the phrase "Except as otherwise expressly provided by Act of Congress" in section 1441(a). Plaintiff, however, fails to argue the manner in which the Court should construe the operative language of section 1441(a) or the manner in which Congress expressly has provided otherwise. Plaintiff perhaps wants the Court to conclude that because Congress expressly provided for removal of Plaintiff's action in section 1444, the Court should not allow Defendant to rely on section 1441(a) to remove Plaintiff's action.
In resolving Plaintiff's challenge, the Court must interpret the apparently operative language "Except as otherwise expressly provided by Act of Congress" of section 1441(a). Webster's New Collegiate Dictionary defines the term "except" as unless. Webster's New Collegiate Dictionary 398 (1975). Webster's Dictionary of the English Language (hereafter "Webster's") defines the term "otherwise" as in another or different way. Webster's Dictionary of the English Language 711 (Lexicon ed. 1989). Webster's defines the term "expressly" as explicitly. Id. at 334. Webster's defines the term "explicitly" as clearly and openly stated or defined. Id. at 333. Webster's defines the term "provided" as supplied. Id. at 804. Joining all of these definitions, the essence of this language is that unless Congress clearly provides differently for the removal of a case from state court, a defendant can rely on section 1441(a) to remove the action if the federal district courts have original jurisdiction over the action.
In the case before the Court, Congress specifically has provided the United States a different manner for removing an action to quiet title to federal district court  section 1444. The language of section 1444, however, neither requires the United States to rely exclusively on section 1444 for removal of actions to quiet title nor proscribes the United States from using another basis for removal. The Court believes, therefore, that if the federal district courts have original jurisdiction over Plaintiff's action, Defendant may be entitled to remove Plaintiff's action to quiet title under section 1441(a).
Section 1441(a) specifically enables a defendant to remove to a federal district court an action originally filed in a state court if the federal district courts have original jurisdiction over the action. Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1274-75 (4th Cir.1985); First Nat'l Bank of Aberdeen v. Aberdeen Nat'l Bank, 627 F.2d 843, 848-49 (8th Cir.1980). District courts have original jurisdiction under section 1331 of Title 28 of the United States Code over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C.A. § 1331 (West Supp. 1989). A federal question ordinarily exists in a civil action if the adjudication of the action depends on the application of the Constitution, laws, or treaties of the United States and if the right created by the Constitution, laws, or treaties of the United States is an essential element of the plaintiff's claim for relief. See Burgess v. Charlottesville Savings & Loan Ass'n, 477 F.2d 40, 44 (4th Cir.1973); First Nat'l Bank, 627 F.2d at 849 (citations omitted); see also 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3722, at 232-34 (2d ed.1985). Courts have required the federal question to be ascertainable from the face of the plaintiff's complaint, unaided by the defendant's answer or notice of removal. Cook, 770 F.2d at 1274; First Nat'l Bank, 627 F.2d at 849. Courts, however, also must look to the substance of the plaintiff's grievance. Burgess, 477 F.2d at 42.
*1204 From the face of Plaintiff's Complaint, it is quite clear that Plaintiff is pursuing this action to quiet title to real property existing within Mecklenburg County, North Carolina. An action to quiet title is a cause of action provided by state law. Under North Carolina law, a complaint in an action to quiet title must allege that the plaintiff is the owner of a certain piece of real property, that the defendant claims an adverse interest in the real property, and that the defendant's claim renders the sale of the real property impossible and cases a cloud over the plaintiff's title to the real property. York v. Newman, 2 N.C.App. 484, 488-89, 163 S.E.2d 282, 285-86 (1968); N.C.Gen.Stat. § 41-10 (1984). In the Complaint, Plaintiff alleges that Plaintiff is the record owner of a specific parcel of real property, that Defendant has placed an Internal Revenue Service (IRS) tax lien on the same real property, and that Defendant's IRS tax lien acts as a cloud on Plaintiff's title and prevents Plaintiff from selling or alienating the property. Thus, the essential focus of Plaintiff's action is the validity, priority, and extinguishment of the IRS tax lien on Plaintiff's property. Sections 6321 through 6323 of Title 26 of the United States Code govern the validity and priority of federal tax liens. 26 U.S.C.A. §§ 6321-6323 (West 1989). Consequently, the construction of federal laws is the central issue raised in Plaintiff's Complaint. The Court, consequently, believes that Plaintiff's Complaint raises a federal question and, therefore, that this Court has original jurisdiction over Plaintiff's action under section 1331. The Court concludes, therefore, that Defendant's removal of Plaintiff's Complaint pursuant to section 1441(a) is proper.
Plaintiff does not contest that this Court is not the appropriate court to which the action should be removed. Briefly, however, under section 1441(a), the appropriate federal district court to which the action can be removed is the district court for the district and division embracing the place where such action is pending. 28 U.S.C.A. § 1441(a) (West Supp.1989). Mecklenburg County, North Carolina is within both the Western District of North Carolina and also the Charlotte Division. Consequently, this Court is the proper court to which Defendant can remove Plaintiff's action.
The Court, therefore, must consider Plaintiff's second challenge to Defendant's removal. Plaintiff essentially contends that Defendant did not file a verified petition pursuant to section 1446(a) of Title 28 of the United States Code. Section 1446(a), however, does not require the defendant seeking to remove a civil action from a state court to file a verified petition. See 28 U.S.C.A. § 1446(a) (West Supp.1989). Section 1446(a), instead, requires a defendant to file a notice of removal that must satisfy three requirements:
1. The notice of removal must be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure;
2. The notice of removal must contain a short and plain statement of the grounds for removal; and
3. The notice of removal must be accompanied by a copy of all process, pleadings, and orders served upon the defendant in the action.
Id.
After a review of Defendant's Notice of Removal, the Court believes that Defendant's Notice of Removal satisfies all three requirements of section 1446(a). First, the Court believes that Defendant signed the Notice of Removal pursuant to Rule 11. Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part:
Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit.
F.R.Civ.P. 11. The purpose of the signature requirement in Rule 11 is to impose on an attorney the moral responsibility to satisfy himself that upon his information, knowledge, and belief after reasonable inquiry, the document has both a factual basis and existing legal support. Id.; see 5 *1205 C. Wright & A. Miller, Federal Practice and Procedure, § 1333 (2d ed. 1969). Rule 11 specifically displaces the requirement that a motion or other pleading be verified or accompanied by affidavit. Counsel for Defendant has signed the Notice of Removal in his individual name. The Court believes that although counsel failed to state his address on the Notice of Removal, counsel's failure does not cause the Notice of Removal to be fatally defective. Plaintiff has not claimed to have suffered any prejudice by the defect. Within two weeks of the filing of the Notice of Removal, Plaintiff filed the Motion to Remand and properly served copies of the Motion to Remand on counsel for Defendant. Moreover, counsel's failure to state his address does not circumvent the purpose of the Rule 11 signature requirement. For all of the above reasons, the Court concludes that Defendant's Notice of Removal satisfies the first requirement under section 1446(a).
The Court now shall consider whether Defendant's Notice of Removal satisfies the second requirement that the notice of removal contain a short and plain statement of the grounds for removal under section 1446(a). Under section 1446(a), it is necessary only "that the grounds for removal be stated in terms borrowed from the jurisdictional pleading requirement established in civil rule 8(a)." H.R.Rep. No. 100-889, 100th Cong., 2d Sess. at 71, reprinted in 1988 U.S.Code Cong. & Admin. News 5982, 6032; see 14A C. Wright, A. Miller & E. Cooper, supra, at § 3733 (Supp. 1989). Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading contain, among other things, "a short and plain statement of the grounds upon which the court's jurisdiction depends." F.R. Civ.P. 8(a). Defendant's Notice of Removal plainly and concisely states that the basis for this Court's removal jurisdiction is section 1441(a) of Title 28 of the United States Code.
The Court believes, however, that because Defendant has elected to remove Plaintiff's action to quiet title under section 1441(a), rather than under section 1444, and because section 1441(a) requires this Court to have original jurisdiction, Defendant could have filed a more complete Notice of Removal containing a short and plain statement of the grounds upon which this Court's original jurisdiction depends. Nevertheless, the Court believes that Defendant's failure to provide the jurisdictional basis for this Court's original jurisdiction does not render Defendant's Notice of Removal fatally defective.
The Court believes, further, that Defendant's Notice of Removal satisfies the third requirement under section 1446(a). Accompanying his Notice of Removal, Defendant has filed Plaintiff's Civil Summons and Plaintiff's Complaint, including exhibits. The Court has no reason to believe that documents filed by Defendant is not all of the process, pleadings, and orders served upon Defendant. First, Defendant does not contend that additional papers were served. Second, from the documents filed by Defendant, the Court has the information before it to conclude that Defendant timely filed the Notice of Removal. See 28 U.S.C. § 1446(b) (West Supp.1989) (requiring Defendant to file notice of removal within thirty days of service of state court complaint). For both of these reasons, the Court concludes that Defendant's Notice of Removal satisfies the third, and final, requirement under section 1446(a).
In summary, Defendant's removal of Plaintiff's action should not have been a significant issue. Nonetheless, because this Court has original jurisdiction over Plaintiff's action to quiet title, Defendant's removal under section 1441(a) is proper, though not preferred to removal under section 1444. Moreover, section 1446(a) governing removal does not require Defendant to file a verified petition for removal, but only a properly drafted notice of removal. Because Defendant's Notice of Removal sufficiently complies with the requirements of section 1446(a), Defendant's Notice of Removal is proper.
THEREFORE, IT IS ORDERED that Plaintiff's Motion to Remand to Mecklenburg County Superior Court be DENIED.
NOTES
[1] Recent congressional legislation has redesignated the petition for removal as the notice of removal. Judicial Improvements and Access to Justice Act of 1988, Pub.L. 100-702, § 1016, 102 Stat. 4669 (codified as amended at 28 U.S.C.A. § 1446(a) (West Supp.1989)). Although Defendant has styled the document as a "Petition for Removal," the Court shall consider and refer to Defendant's document as a Notice of Removal.