**154**

MICHIGAN MANUFACTURERS
SERVICE, INC., Plaintiff,

v.

ROBERTSHAW CONTROLS
COMPANY, et al.,
Defendants.

No. 90–73445.

United States District Court,
E.D. Michigan, S.D.

Feb. 19, 1991.

Norman C. Ankers, Honigman Miller Schwartz & Cohn, Detroit, Mich., for plaintiff.

Malcolm McKinnon, McKinnon and McKinnon, Troy, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S JANUARY 29, 1991 MOTION FOR REMAND AND IMPOSING RULE 11 SANCTIONS ON PLAINTIFF'S COUNSEL

GADOLA, District Judge.

### INTRODUCTION AND BACKGROUND

Plaintiff filed its complaint for breach of contract and tortious interference with contractual relations in the Circuit Court for the County of Oakland on November 5, 1990. Paragraph 4 of the complaint alleges as follows: "[t]he amount in controversy in this matter exceeds the sum of $10,000, exclusive of costs and interest." On November 26, 1990 defendants effected a timely removal of the matter to this court. Paragraph 3 of the defendants' notice of removal alleges as follows: "the amount in controversy exceeds the sum or value of $50,000.00, exclusive of interest and costs." On January 29, 1991 plaintiff moved this court to remand the matter to state court. On Feb. 6, 1991 the defendants responded

to plaintiff's motion for remand. Oral argument was heard on February 13, 1991.

## ANALYSIS

### A. Plaintiff's Contentions

■ Plaintiff contends that because the complaint "does not, on its face, seek an amount in excess of $50,000, exclusive of costs and interest, [the matter should be remanded for want of subject matter jurisdiction]." Plaintiff's brief at p. 1. In other words, the plaintiff suggests that it would be proper for this court to remand any matter removed on the basis of diversity jurisdiction where the complaint does not allege an amount in controversy in excess of $50,000.00. Nowhere in its motion or brief does plaintiff suggest that the actual amount in controversy is jurisdictionally deficient. The obvious import of plaintiff's legal "theory" is that the actual amount in controversy is irrelevant. So long as the complaint does not allege an amount in controversy in excess of $50,000.00, the plaintiff argues, removal is improvident.

■ Plaintiff further contends that, when the complaint does not reveal the amount in controversy, it is defendant's burden to support its allegation of a jurisdictionally sufficient amount in controversy, contained in the notice of removal, with supporting facts. In other words, plaintiff urges that the court adopt the position that in a situation in which plaintiff's complaint does not in and of itself assert that the amount in controversy is in excess of $50,000.00, defendant is required, in order to effect removal to federal court, not only to assert that the amount in controversy is in excess of $50,000.00, but also to submit evidence substantiating such assertion, presumably by means of documentation, affidavits or other proofs.[1] Plaintiff cites no authority for this proposition. The court finds that under the 1988 amendment to 28 U.S.C. § 1446(a) the argument that the removing defendant must provide supporting facts in its notice of removal is utterly without merit.

Rather, it is the plaintiff, under the circumstances obtaining in this matter, which must submit proofs contravening defendant's notice of removal statement that the amount in controversy exceeds $50,000.00, if indeed that is the position of the plaintiff in seeking remand to state court. The court will refrain from any speculation as to the likelihood of the plaintiff's adoption of such a stance.

It should be noted that under the Michigan Court Rules of 1985 a plaintiff may not, in a case in which the suit is not for a sum certain, request a specific amount of damages unless the claim is for an amount of $10,000.00 or less. See *Michigan Court Rule* 2.111(B)(2) which provides, in pertinent part:

> (B) A complaint—must contain the following:—
>
> > (2) A demand for judgment for the relief that the pleader seeks. If the pleader seeks an amount of money, a specific amount must be stated *if the claim is for a sum certain—or if the amount is $10,000.00 or less. Otherwise, a specific amount may not be stated* and the pleading must include allegations that show that the claim is within the jurisdiction of the court.— (Emphasis provided).

This case was filed originally by plaintiff in the Circuit Court of Oakland County. Under Michigan statute, in order for the Michigan Circuit Court to have jurisdiction over the matter, the amount in controversy must have been in excess of $10,000.00. Mich.Comp.Laws Ann. § 600.8301; Mich. Stat.Ann. § 27A.8301. Plaintiff in this matter seeks damages, in addition to out of pocket expenses, for alleged tortious interference with a contract, loss of profits, harm to its goodwill and reputation, and also makes a claim for exemplary damages, i.e. its claims are manifestly not "for a sum certain, or a sum that can by computation be made certain." Thus, in order for plaintiff to have filed its action in the circuit court, it was required by Michigan court rule, as above cited, to merely allege that

---

1. Although it is not clear from its brief that plaintiff is making this particular argument, plaintiff did advance this contention at oral argument.

its claim was for an amount in excess of $10,000.00. Otherwise stated, plaintiff was forbidden by the aforesaid Michigan court rule to have alleged in its complaint that the amount in controversy was some figure in excess of $50,000.00. Plaintiff filed its complaint in state court in full compliance with the Michigan rule. Plaintiff now adopts the novel position that, regardless of defendants' assertion in their notice of removal that the amount in controversy is indeed in excess of $50,000.00, nevertheless plaintiff can use its compliance with the Michigan court rule as a shield against removal to federal court on the ground that the plaintiff's own complaint does not assert a damage claim in excess of $50,000.00, regardless of the fact that plaintiff may indeed be seeking damages far in excess of $50,000.00, unless defendants can affirmatively establish, by proofs, that plaintiff is seeking in excess of $50,000.00. (Parenthetically, one might wonder what would be the reaction of plaintiff, in light of its position, if it were proposed that it be limited herein to a recovery of not more than $50,000.00).

In *Wilkinson v. United States*, 724 F.Supp. 1200, 1204–05 (W.D.N.C.1989) the court discussed the effect of the 1988 amendment to 28 U.S.C. § 1446(a) on the sufficiency of removal pleadings:

Section 1446(a), instead, requires a defendant to file a notice of removal that must satisfy three requirements:

1. The notice of removal must be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure;

2. The notice of removal must contain a short and plain statement of the grounds for removal; and

3. The notice of removal must be accompanied by a copy of all process, pleadings, and orders served upon the defendant in the action.

\* \* \* \* \* \*

The Court now shall consider whether Defendant's Notice of Removal satisfies the second requirement that the notice of removal contain a short and plain statement of the grounds for removal under section 1446(a). Under section 1446(a), it

is necessary only "that the grounds for removal be stated in terms borrowed from the jurisdictional pleading requirement established in civil rule 8(a)." H.R. Rep. No. 100–889, 100th Cong., 2d Sess. at 71, reprinted in 1988 U.S.Code Cong. & Admin.News 5982.

The House Report cited in *Wilkinson* continues as follows: "[t]he present requirement that the petition of removal state facts supporting removal has led some courts to require detailed pleading. Most courts, however, apply the same liberal rules that are applied to other matters of pleading. The proposed amendment requires that the grounds for removal be stated in terms borrowed form the jurisdictional pleading requirement established by civil rule 8(a)(1)." 1988 U.S.Code Cong. & Admin.News 6032.

It is hornbook law that "[a]n uncontroverted allegation that the requisite jurisdictional amount exists is deemed sufficient ordinarily to comply with Rule 8(a)(1)." *Jaconski v. Avisun Corp.*, 359 F.2d 931 (3rd Cir.1966). It is amply clear that under the 1988 amendment to 28 U.S.C. § 1446(a) an allegation that the amount in controversy exceeds $50,000.00 is sufficient to properly effect removal when the amount in controversy cannot be conclusively determined from the complaint. Because plaintiff has cited no authority and because the law is so clear, this court deems the plaintiff's argument, to the effect that removal was improper because the defendant only alleged that the amount in controversy exceeds $50,000.00, without submitting proofs thereof, to be frivolous. Accordingly, the remainder of this opinion, except for the question of Rule 11 sanctions, will only deal with plaintiff's argument that the inquiry of jurisdictional sufficiency on removal should be limited to the face of the complaint.

### C. Authority Relied on Plaintiff

The only authority plaintiff relies on for the proposition that this matter is subject to remand is an order of remand entered in *Sullivan v. Alpo Pet Foods, Inc.*, Case No. 89–CV–72369–DT. It is noteworthy that

Attorney Norman C. Ankers, counsel for plaintiff in the instant action, was counsel for defendant in *Sullivan*. In paragraph 5(a) of its motion for rehearing, the defendant in *Sullivan* stated as follows:

> In light of the amendment to the diversity statute which raises the requisite amount in controversy to $50,000, effective May 18, 1988, determining removability solely by examining the face of plaintiff's complaint—as the Court did here—can no longer be the proper procedure. If it were, no Michigan state court cases in which the pleader simply recited the only jurisdictional allegations required to invoke the Circuit Court's jurisdiction under MCR 2.111(B)(2) would ever be removable.[2]

In its motion for rehearing, the defendant's counsel in *Sullivan*, who represents plaintiff herein, also referred to a special report entitled "Implementation of the 1988 Amendment to the Amount in Controversy Requirement of the Federal Diversity and Removal Jurisdiction." Further, the defendant in *Sullivan*, represented by Mr. Ankers, outlined the procedure for determining removability in the special report entitled "Implementation of the 1988 Amendment to the Amount in Controversy Requirement of the Federal Diversity and Removal Jurisdiction." Although the district judge in *Sullivan* ruled that the actual amount in controversy was a matter of some doubt, the court basically denied the motion for rehearing because "a federal court, persuaded that it has issued an erroneous remand order, cannot vacate the order once entered;" Order Denying Motion for Rehearing, issued September 26, 1989, at p. 1. (Although the court did state, additionally, that "defendant has failed to show to a reasonable certainty that the amount in controversy exceeds $50,000.00," which of course is now clearly not defendant's burden). *See also* Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3739,

588–89; *Browning v. Navarro*, 743 F.2d 1069, 1078–79 (5th Cir.1984); *Boone Coal & Timber Co. v. Polan*, 787 F.2d 1056, 1060–61 (6th Cir.1986).

In essence, the order of remand in *Sullivan* was an inadvertancy occasioned by the confusing and complex lack of symmetry between state and federal rules concerning jurisdictional amount in controversy requirements. The motion for rehearing was denied, not because there was no merit to the motion, but because, fundamentally, the court in *Sullivan* had concluded that it no longer retained jurisdiction over the matter.

### D. Sanctions Under Fed.R.Civ.P. 11

Fed.R.Civ.P. 11 provides that "the signature of an attorney or party constitutes a certificate by the signer ... that to the best of the signer's knowledge, information, and belief *formed after reasonable inquiry* [the pleading, motion, or other paper] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law...." (emphasis supplied). Failure to comply with the strictures of Rule 11 may result in the imposition of "an appropriate sanction, which may include on order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." *Id.*

The circumstances of the matter before the court are particularly enlightening. The only authority relied on by Mr. Ankers[3] in this matter for the proposition that this court may only look at the complaint to determine the amount in controversy is the order in *Sullivan*. As already noted, Mr. Ankers was counsel for defendant in *Sullivan*. Therefore, for purposes of determining Rule 11 sanctions, the court need not speculate about the *bona fides* of Mr. Ank-

---

**2.** It should be obvious from this language, drafted by Mr. Ankers, counsel for plaintiff in the matter *sub judice* and counsel for defendant in *Sullivan*, that Mr. Ankers well understood the deficiencies in the order of remand he now relies on as authority.

**3.** Hereinafter, the court will refer to plaintiff's counsel as Mr. Ankers to avoid the unnecessary confusion of having to refer to him both as plaintiff's counsel in the matter *sub judice* and as defendant's counsel in *Sullivan*.

**158**

ers in this matter. The court can glean the state of Mr. Ankers' knowledge regarding his cited authority directly from the pleadings he signed in *Sullivan.*

First, *Sullivan* was decided at a time when there was still some confusion as to the implementation of the 1988 amendment to 28 U.S.C. § 1332 regarding amount in controversy requirement. Mr. Ankers specifically acknowledged both the confusing and complex nature of the lack of symmetry between state and federal amount in controversy requirements in his motion for rehearing in *Sullivan.* Motion for Rehearing at p. 2; Second, in his motion for rehearing in *Sullivan,* Mr. Ankers demonstrated a thorough and complete understanding of the procedure by which district courts are authorized to examine the sufficiency of the amount in controversy in removal jurisdiction. *See, e.g.,* note 2, *supra* and accompanying text. Third, the court's denial of Mr. Ankers' motion for rehearing in *Sullivan* was based on procedural rather than substantive grounds. Fourth, Mr. Ankers was aware that whether the amount in controversy in *Sullivan* was jurisdictionally sufficient was a matter of some doubt. For example, plaintiff in *Sullivan* stated, in his response to defendant's motion for rehearing at p. 2, as follows:

> Mr. Sullivan's salary was approximately $50,000.00 per anum. He continued to receive his salary until January 31, 1989. Mr. Sullivan began to experience success in his efforts to mitigate his damages in July of 1989. In the first week of August of 1989, he obtained employment at which he earns a salary of $50,000.00 per anum.
>
> It is clear that at the present time Mr. Sullivan's wage loss is substantially less than $50,000.00.

Fifth, the only authority cited in the order of remand in *Sullivan* was 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3725 at 417 (2nd Ed. 1985). This very authority, in the same section, on the very next page, states that

"the district courts often *also will consider the petition for removal* when the [amount in controversy][4] is not apparent from the face of the complaint." *Id.,* at 418 (emphasis supplied). This court can only presume that Mr. Ankers is and was aware of this language. After all, it is the only authority cited in the order he cites to this court for the proposition that this court may only look to the complaint to determine the sufficiency of the amount in controversy. Sixth, it is clear from the declaration of W.T. Moon, Jr., in Exhibit 1 to defendants' brief in opposition, that the amount in controversy in the matter *sub judice* far exceeds the jurisdictional requirement. Obviously, Mr. Ankers, as plaintiff's counsel, was, or should have been, aware of the facts upon which Mr. Moon rests his conclusions as to the amount in controversy. Finally, with respect to plaintiff's argument that a notice of removal must plead specific facts concerning the amount in controversy, plaintiff cites no authority and its position is clearly refuted by the relevant authority.

Any one of the above mentioned factors taken alone might lead this court to the conclusion that the position taken by Mr. Ankers was not "warranted by existing law." Fed.R.Civ.P. 11. However, the court finds that all of the factors taken as a whole lead almost inescapably to the conclusion that Mr. Ankers has violated Rule 11 in his motion for remand. Accordingly, this court will require Mr. Ankers to pay to defendants "the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." Fed.R.Civ.P. 11.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that plaintiff's January 29, 1991 motion for remand is DENIED.

FURTHER, MR. ANKERS IS ORDERED TO PAY to defendants an amount

---

**4.** Somewhat unclearly, the quoted language refers to the "matter" in controversy. However, it is amply clear that the reference is to amount in controversy. First, the cases cited for the prop-

osition refer to amount in controversy. Second, the title of the section is "Amount in Controversy in Removed Actions."

to be determined by this court, representing reasonable expenses incurred because of the filing of the motion for remand.

FURTHER, MR. ANKERS IS ORDERED TO PROVIDE this court with documentation sufficient to establish that Michigan Manufacturers Service, Inc. has been apprised of this order and that Michigan Manufacturers Service, Inc. was not and will not be billed for the sanctions.

FURTHER, IT IS ORDERED that defendants submit to this court an itemized accounting of the reasonable expenses incurred because of the filing of the motion for remand.

