**Keren GEFEN, by Sharon GEFEN and Ehud Gefen**

v.

**The UPJOHN COMPANY.**

Civ. A. No. 95–CV–0098.

United States District Court, E.D. Pennsylvania.

May 2, 1995.

Barry L. Gross, Michael J. Stief, III, Stief, Waite, Gross, Sagoskin and Gilman, Newtown, PA, for plaintiff.

Kerry A. Kearney, Michael T. Scott, Barbara R. Binis, Reed, Smith, Shaw & McClay, Philadelphia, PA, for defendant.

### MEMORANDUM

JOYNER, District Judge.

Plaintiff has moved this Court to remand this action to the Court of Common Pleas of Philadelphia County, Pennsylvania on the ground that there is neither federal question nor diversity jurisdiction. 28 U.S.C. § 1447(c) directs a district court to remand an action to state court if it appears that there is no subject matter jurisdiction. A district court may remand an action on juris-

dictional grounds any time before final judgment. Courts construe the removal statutes strictly, and any doubts are resolved in favor of remand. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987).

Plaintiff is a minor who was allegedly blinded in one eye due to the negligence of Defendant in manufacturing a defective product. Plaintiff was born and lives in Israel with her parents, and is a dual citizen of the United States and Israel. She claims her United States citizenship through her mother, who was born in the United States, in New York, and who maintains her United States citizenship to this day.

Plaintiff brought this suit in the Court of Common Pleas on May 9, 1994. In her Complaint she alleges three state causes of action, and no federal causes. Namely, she brings one count of negligence, one count of strict liability, and one count of punitive damages. Relevant to this Motion to Remand, Plaintiff's Complaint alleges as follows:

1. Plaintiff, KEREN GEFEN, is a minor individual, residing with her parents and natural guardians, SHARON GEFEN and EHUD GEFEN, at 3 Kashani Street, Tel Aviv, Israel 69494.

2. The minor plaintiff, above-named, is a citizen of the nation of Israel and is also a United States citizen by virtue of the fact that her mother, Sharon Gefen, was born in the United States and retains her United States citizenship.

3. Defendant, THE UPJOHN COMPANY, is a Delaware corporation having its principal place of business at Kalamazoo, Michigan, while at all times material to this action, doing business within the Commonwealth of Pennsylvania and the City and County of Philadelphia.

4. Defendant, THE UPJOHN COMPANY, maintains a registered office for doing business in the Commonwealth of Pennsylvania, located at C.T. Corporation Services, 1635 Market Street, Philadelphia, Pennsylvania.

In November, 1994, while this action was still in State court, Defendant filed a motion to dismiss on the ground of *forum non con-* *veniens* (State Motion). Defendant argued that the appropriate forum was Israel, partially on the basis of its assertion that Plaintiff had no contact with Pennsylvania. Plaintiff filed her opposition to the State Motion in December, 1994. In that response, Plaintiff asserted that "because of her minority, minor plaintiff has not been capable of establishing residence in any State of the United States.... For purposes of this *Forum Non Conveniens* Petition, where dismissal will preclude minor plaintiff from access to any court in the United States in favor of a foreign forum, Keren Gefen is considered a citizen of the Commonwealth of Pennsylvania." Pl.'s Answer to State Motion, pp. 3–4 at ¶ 2. Plaintiff, as a United States citizen, also asserted a Constitutional right of access to United States courts. Upon receipt of this Answer, Defendant allegedly first became aware of the possibility of diversity and federal question jurisdiction, and accordingly, removed the action to this Court.

## A. FEDERAL QUESTION JURISDICTION

Defendant argues that Plaintiff asserted a federal question when she claimed in her Answer to the State Motion that she, as a United States citizen, has a right of access to the courts of the United States. 28 U.S.C. § 1331 gives district courts federal question jurisdiction over "civil actions arising under the Constitution, laws or treaties of the United States."

Defendant argues that although Plaintiff's Complaint does not expressly plead a federal question, under the well-pleaded complaint rule, this Court is not limited to the allegations in the Complaint to find a federal question. *See e.g. Stream Pollution Control Bd. v. United States Steel Corp.*, 512 F.2d 1036 (7th Cir.1975). Defendant asserts that Plaintiff's cause of action may "arise under" the laws of the United States if her right to relief requires resolution of a substantial question of federal law. For example, Defendant cites *Wilkinson v. United States*, 724 F.Supp. 1200 (W.D.N.C.1989). That case held that plaintiff's action to quiet title to property encumbered by a federal tax lien raised a federal question because the suit called the validity

of the federal tax lien into question. *Id.* at 1204; *see also Burda v. M. Ecker Co.,* 954 F.2d 434 (7th Cir.1992) (insurance company tendered settlement amount, less 20% for federal withholding tax. Court found federal question because validity of federal income tax laws at issue). Defendant argues that here, Plaintiff claims that her right to relief depends on a Constitutional right of access to American courts because she asserted that she did not have an adequate remedy under Israeli law.

Plaintiff argues her Complaint does not raise a federal question because no right or immunity created by the laws of the United States is "an element, an essential one, of Plaintiff's cause of action." *Gully v. First Nat'l Bank,* 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). Plaintiff asserts that her Constitutional right of access to the courts is only collateral to her causes of action. She cites *Warrington Sewer Company v. Tracy,* 463 F.2d 771 (3d Cir.1972) for the holding that "a mere incidental or collateral federal question may appear, or may lurk in the background of the record, but it is not a sufficient or adequate basis on which federal jurisdiction may attach." *Id.* at 772.

Plaintiff asserts three causes of action: negligence, strict liability, and punitive damages. None of those causes of action depends upon resolution of a question of federal law, nor is any federal right or immunity an element of any claim. Plaintiff does assert her Constitutional right to be in the courts of this country. U.S. Const. art. IV, § 2 & amend. XIV. However, every United States citizen asserts those very rights every time he or she files a lawsuit, without raising a federal question. *Id.; Cole v. Cunningham,* 133 U.S. 107, 10 S.Ct. 269, 33 L.Ed. 538 (1890). Simply because Plaintiff asserts her federally guaranteed right of access to the courts does not raise a federal question sufficient to grant subject matter jurisdiction in this Court. We find, therefore, that there is no subject matter jurisdiction based on 28 U.S.C. § 1331.

## B. DIVERSITY JURISDICTION

28 U.S.C. § 1332(a)(1) provides for diversity jurisdiction between citizens of different states.[1] Plaintiff argues that this action should be remanded because it was untimely removed. 28 U.S.C. § 1446(b) permits removal of an action to federal court:

> within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Plaintiff argues that because the Complaint alleges that she is a dual citizen of Israel and the United States, and because she at no point alleged that she was a citizen of Michigan or Delaware, that complete diversity "was apparent on the face of the Complaint." Pl.'s Brief in Supp. of Remand at 5. Therefore, Defendant needed to remove the case by June 12, 1994, and because it did not remove until January 9, 1995, the removal is untimely and this Court should remand. Plaintiff cites *Blow v. Liberty Travel, Inc.,* 550 F.Supp. 375 (E.D.Pa.1982) for the proposition that "§ 1446(b) has been interpreted as requiring that a petition for removal be filed within thirty days of the receipt of any initial pleading which does not on its face preclude removal." *Id.* at 377.

Defendant argues that it did not become aware of the diversity between the parties until it received Plaintiff's Answer to the Motion to Dismiss in the State Court, wherein Plaintiff asserts citizenship in Pennsylvania. Accordingly, it asserts, its Notice of Removal was not untimely under § 1446(a).

---

**1.** 28 U.S.C. § 1332(a)(2), which provides for diversity jurisdiction between citizens of a state of the United States and citizens of foreign states, does not apply to this action. This is because although Plaintiff is a citizen of a foreign state, she is also a citizen of the United States, and the United States citizenship controls for jurisdiction purposes. *Newman–Green Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 829, 109 S.Ct. 2218, 2221, 104 L.Ed.2d 893 (1989).

Defendant asserts that the Complaint did not indicate diversity for the reason that diversity jurisdiction is unavailable to a non-resident United States citizen who is not a citizen of a particular state. A United States citizen can only use § 1332(a)(1) if that United States citizen is also a citizen of a state that is diverse from the other party. *Sadat v. Mertes*, 615 F.2d 1176, 1180 (3d Cir.1980) ("settled precedent establishes that a citizen of the United States who is not also a citizen of one of the United States may not maintain a suit" under § 1332(a)(1)). This basic rule has been applied to a case with similar allegations of citizenship as the case here. The Northern District of Illinois held that when the plaintiff's complaint alleged that plaintiff was a "citizen of the United States and a resident and domiciliary of the state of Israel" that the plaintiff could not maintain diversity jurisdiction. *Carl v. Galuska*, 785 F.Supp. 1283, 1290 (N.D.Ill.1992).

Defendant argues that because Plaintiff's Complaint did not plead citizenship in any state of the United States, but instead pleaded that she resided in Israel, that it was apparent from the face of the Complaint that there was no diversity jurisdiction because Plaintiff was not a citizen of a state. Indeed, when Plaintiff answered Defendant's Interrogatories in August, 1994, she alleged that she had not established residency anywhere in the United States.

■ We find that until Defendant received Plaintiff's Answer to the State Motion in December, 1994, it had no notice that this case was one that could be removed, because until then, it had no notice that Plaintiff was asserting citizenship in a particular state of the United States. Because Defendant removed within thirty days of receiving that notice, the removal is timely, and we therefore, DENY Plaintiff's Motion to Remand.

We are uncertain, though, that there really is diversity jurisdiction. Throughout her response to the State Motion, Plaintiff repeatedly asserts that, "for the purposes of the Motion," she shall be "deemed" a citizen of the Commonwealth of Pennsylvania. She at no point indicates that her residence is in Pennsylvania or that she intends to make Pennsylvania her home; the basic elements of citizenship. *Korn v. Korn*, 398 F.2d 689 (3d Cir.1968); *Las Vistas Villas v. Petersen*, 778 F.Supp. 1202 (M.D.Fla.1991), *aff'd*, 13 F.3d 409 (1994).

Because of this, although we rule today that Defendant's Notice of Removal was timely filed and so do not remand the action, we do not finally rule on the question of whether there is diversity jurisdiction. We have insufficient facts and legal argument to make this determination, but it is one that needs to be made—preferably sooner, rather than later. Accordingly, we hereby direct Plaintiff to file a Memorandum of Law and any necessary supporting evidence to support her allegation of citizenship in the Commonwealth of Pennsylvania. Defendant shall have an opportunity to respond with its own Memorandum of Law and any evidence it deems necessary to an adequate examination by this Court.

■ Finally, Plaintiff seeks attorney's fees of $5,000.00 for Defendant's alleged bad faith in removing this action. We do not find that Plaintiff has adequately supported her allegation of bad faith, especially considering that her Motion has been denied. Accordingly, Plaintiff's request for attorney's fees is DENIED.

An appropriate Order follows.

### ORDER

AND NOW, this 2nd day of May, 1995, upon consideration of Plaintiff's Motion to Remand and responses thereto, the Motion is hereby DENIED. It is hereby further ORDERED that in accordance with the attached Memorandum, within thirty days of the date of this Order's entry, Plaintiff is directed to file with this Court a Memorandum of Law supporting her assertion of Commonwealth of Pennsylvania citizenship, along with any evidence she deems necessary. Defendant shall file any response within ten days of the date of service of Plaintiff's pleading.