Maria **NAVARRO**, etc., **Plaintiff,**

v.

**LTV STEEL COMPANY, Defendant.**

**No. 90 C 6063.**

United States District Court, N.D. Illinois, E.D.

Oct. 23, 1990.

---

Steven Salk, Steven B. Salk & Associates, Michael Ziering, Ziering & Weiss, Chicago, Ill., for plaintiff.

Terrance L. Smith, Smith & DeBonis, East Chicago, Ind., for defendant.

## MEMORANDUM OPINION
## AND ORDER

SHADUR, District Judge.

LTV Steel Company, Inc. ("LTV") has filed its Notice of Removal (the "Notice") to this District Court of an action originally brought in the Circuit Court of Cook County by Maria Navarro as Administrator of the Estate of Ramon Sanchez, Deceased ("Navarro"). Based on its customary initial review of the Notice and Navarro's underlying Complaint at Law,[1] this Court sua sponte remands this action to the state court.

LTV seeks to invoke federal jurisdiction on diversity-of-citizenship grounds satisfying 28 U.S.C. § 1332(a).[2] However, there are two flaws in LTV's assertions, one of which might possibly be cured now but the other of which cannot.

■ First as to the matter that quite likely could be cured by a revised pleading: Notice ¶ 4a refers to plaintiff's Illinois *residence* rather than *citizenship*, even though the latter is of course the relevant jurisdictional fact for diversity purposes. That pleading defect deprives this Court of independent subject matter jurisdiction over this action, for federal courts can deal with cases only as Congress specifies (see Section 1332(a)) and as a plaintiff's express allegations bring the case within those specifications. See, e.g., 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1208, at 101 & n. 9, and cases there cited (1990 ed.); 13 B *id.* § 3611, at 516–18 & nn. 27–29, and cases there cited (1984 ed. and 1990 pocket part).

■ If that were the only problem with the Notice, Section 1653 might be brought into play to give LTV the opportunity to amend the Notice so as to keep this action here. But Notice ¶ 4c also asserts the existence of the necessary amount in controversy (more than $50,000), even though all that is said in Navarro's Complaint on that score is this:

> WHEREFORE, Plaintiff MARIA NAVARRO, Administrator of the Estate of RAMON SANCHEZ, deceased, demands judgment against Defendant, L.T.V. STEEL COMPANY, and [sic] a dollar amount to satisfy the jurisdictional limitations and additional amounts as the jury and the Court shall deem proper, and additional costs of this suit.

In the state court system, that reference to "jurisdictional limitations" speaks only of the need for a claim to exceed $15,000, thus qualifying the claim for filing and handling in the Circuit Court's Law Division rather than its Municipal Division. To be sure, given the fact that this is a death case, this Court has no doubt in real-world terms that Navarro will be trying to recover more than the $50,000 floor that would establish federal jurisdiction. But the problem for current purposes is that such jurisdiction cannot be based on probabilities (even of the highest degree) or on surmise or guesswork. This action may well be removable at whatever point in the future that it may become *certain* that more than $50,000 is in controversy, but removal now must be viewed as premature.

Accordingly this Court is constrained to find that "it appears that the district court lacks subject matter jurisdiction" (Section 1447(c)). That means this Court is compelled to remand the case (*id.*), although under the circumstances such remand is necessarily without prejudice to a potential renewed removal at such future time as the requirements of Section 1332(a) may in fact be satisfied. Finally, there is no reason to

---

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):

   The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

2. All further references to Title 28's provisions will simply take the form "Section—." It may be noted parenthetically that LTV's Notice ¶ 4

inexplicably refers only to Section 1331, the federal-question source of jurisdiction. However, that erroneous reference has to reflect nothing more than another instance of the carelessness that has been evidenced by the other matters hereafter dealt with in the text of this opinion, for the several subparagraphs of Notice ¶ 4 (which expressly address the several prerequisites to diversity jurisdiction) obviously seek to bring LTV within Section 1332(a) instead.

delay the remand under this District Court's General Rule 30(b), so that the Clerk of this District Court is directed to mail the certified copy of the remand order forthwith.