**Jeffrey MAKI and Keith Volsted, Plaintiffs,**

v.

**KELLER INDUSTRIES, INC., etc., Defendant.**

**No. 91 C 1237.**

United States District Court, N.D. Illinois, E.D.

March 4, 1991.

David E. Rapoport, Becker, Baizer & Rapoport, Highland Park, Ill., for plaintiffs.

Mark E. Parsky, Paul V. Kaulas, Purcell & Wardrope, Chtd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Keller Industries, Inc. ("Keller") has filed its Notice of Removal (the "Notice") to this District Court of an action originally brought in the Circuit Court of Lake County, Illinois by Jeffrey Maki ("Maki") and Keith Volsted ("Volsted"). Based on its customary initial review of the Notice and the underlying Maki–Volsted Complaint at Law (the "Complaint"),[1] this Court sua sponte remands this action to the state court.

Keller seeks to invoke federal jurisdiction on diversity-of-citizenship grounds conforming to 28 U.S.C. § 1332(a).[2] But there are three flaws in Keller's assertions (the second and third of them being closely linked). Even though the first problem could most likely be cured now, the other two cannot be at this point—if ever.

Notice ¶ 3.2 properly identifies Keller's dual citizenship under Section 1332(c) by specifying the State of Florida as both its place of incorporation and the location of its principal place of business. But that same paragraph refers to the Illinois *residence* of Maki and Volsted rather than to their *citizenship*, though the latter is of course the relevant jurisdictional fact for diversity purposes. That pleading defect deprives this Court of independent subject matter jurisdiction over this action, for federal courts can deal with cases only as Congress specifies (see Section 1332(a)) and as a plaintiff's express allegations bring the case within those specifications. See, e.g., 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1208, at 101 & n. 9, and cases there cited (1990 ed.); 13 B *id.* § 3611, at 516–18 & nn. 27–29, and cases there cited (1984 ed. and 1990 pocket part).

That problem would seem readily curable if, as is a fair assumption, Maki's and Volsted's states of citizenship coincide with the places where they reside.[3] If that were the only difficulty, then, Section 1653 might perhaps be called into play to give Keller the opportunity to amend the Notice so as to keep this action here. But its additional (and it would seem noncurable) problems stem from Notice ¶ IV, which asserts the existence of the necessary amount in controversy (more than $50,000), despite the fact that in accordance with state law each count of the Complaint speaks only of "all legally compensable losses, which substantially exceed the mini-

---

**1.** This Court always undertakes an immediate review of newly-filed or newly-removed complaints; see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

**2.** All further references to Title 28's provisions will simply take the form "Section—."

**3.** It must be remembered, however, that federal jurisdiction may not be based on surmise or guesswork, so that such an assumption (as contrasted with a direct factual representation) is not enough to keep the case here.

mum jurisdictional amount of *$15,000.00*" (emphasis added).

This Court's opinion in *Navarro v. LTV Steel Co.*, 750 F.Supp. 928 (N.D.Ill.1990) speaks directly to that problem and holds (consistently with the principle stated in n. 3 of this opinion) that remand is required under the circumstances. That is the second jurisdictional problem faced by Keller here, notwithstanding its counsel's having attached as Notice Ex. C a *Chicago Sun–Times* newspaper article that identifies Maki's injury as a broken back sustained when the assertedly defective ladder manufactured and sold by Keller gave way while he was using it during a construction project. Just as in *Navarro*, even a high degree of probability that Maki's claim may exceed the federal jurisdictional amount does not suffice for this Court's retention of jurisdiction at this point.

And the same newspaper article as well as Complaint Count II identifies the third and most serious problem with Keller's removal effort: Volsted's injuries (assertedly sustained in a wholly separate accident) are merely described as injuries to his shoulder, wrist and neck—a description that makes the existence of the $50,000 jurisdictional amount in controversy even more speculative in his case. Under the recently enacted provisions of Section 1367(b), Congress has reconfirmed that there is no pendent party jurisdiction when the basis for federal jurisdiction rests on diversity (see Siegel, *Changes in Federal Jurisdiction and Practice Under the New (Dec. 1, 1990) Judicial Improvements Act*, 133 F.R.D. 61, 65 (1991)). And the simultaneously-enacted amendment of Section 1441(c) correspondingly permits the removal of a case that contains a nonremovable claim (for this purpose, presumably Volsted's) only if it is joined with a removable *federal-question* claim, not one involving only diversity of citizenship (*id.* at 75–77). Thus even if Maki's claim ultimately proved to be removable because the amount in controversy on *his* claim was large enough, Volsted's still would not be—and so this entire action could not be removed at all.

Accordingly this Court is constrained to find that "it appears that the district court lacks subject matter jurisdiction" (Section 1447(c)). That means this Court is compelled to remand the case (*id.*), although under the circumstances such remand is necessarily without prejudice to a potential renewed removal at such future time as the requirements of Section 1332(a) may in fact be satisfied. Finally, there is no reason to delay the remand under this District Court's General Rule 30(b), so that the Clerk of this District Court is directed to mail the certified copy of the remand order forthwith.