Bill HOHN, Janice Hohn, Raymond Garbeth, Andrew Huhra, and Rich Kwak, Plaintiffs,

v.

VOLKSWAGEN OF AMERICA, INC., Defendant.

No. 93–1461.

United States District Court, C.D. Illinois.

Nov. 4, 1993.

Maurice J. Barry, Jr., Ostling Ensign Barry & Glenn, Bloomington, IL, for plaintiffs.

Scott E. Gross, Sidley & Austin, Chicago, IL, for defendant.

*ORDER*

McDADE, District Judge.

Before the Court is Defendant's Verified Petition For Removal[1] filed October 29, 1993. Defendant seeks removal to federal court based upon 28 U.S.C. § 1441(a) which allows removal of a civil action from a state court to a federal court in circumstances where the federal court would have original jurisdiction over the action. Defendant contends that this Court has original jurisdiction over this action based upon diversity pursuant to 28 U.S.C. § 1332(a)(1). In accordance with the Court's duty to immediately review newly filed and newly removed complaints,[2] the Court *sua sponte* remands this case to Circuit Court of the Eleventh Judicial Circuit, County of McLean, Illinois.

■ Defendant's Petition for Removal has two primary defects. First, Defendant states that "[e]ach of the five Plaintiffs is a resident of the State of Illinois." (Notice of Removal 2). However, the statute upon which Defendant bases its contention that this Court has original subject matter jurisdiction in this matter, 28 U.S.C. § 1332(a)(1), requires that the controversy be between "citizens" of different states not "residents" of different states. This pleading defect deprives this Court of subject matter jurisdiction over this case. *Maki v. Keller Indus., Inc.*, 761 F.Supp. 66, 67 (N.D.Ill.1991). Were this the only defect in Defendant's notice, the Court would be amenable to allowing Defendant to amend its notice pursuant to 28 U.S.C. § 1653. The notice, however, suffers from a second jurisdictional defect which renders amendment infeasible at this juncture.

The second jurisdictional defect in Defendant's Notice of Removal stems from the amount in controversy requirement in 28 U.S.C. § 1332(a). The subject matter jurisdiction conferred by 28 U.S.C. § 1332(a) requires that the amount in controversy in a diversity case exceed $50,000 exclusive of interest and costs. Defendant contends that "[t]he matter in controversy (compensatory

---

1. Although Defendant entitles his filing as a "Petition for Removal," the Court construes it as a Notice of Removal as required by 28 U.S.C. § 1146(a).

2. *See Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986).

and punitive damages) exceeds the sum of $50,000." (Notice of Removal 1–2). To support this assertion, Defendant refers the Court to Counts II, IV, VI, VIII, and X of Plaintiffs' Complaint. (Notice of Removal 2). However, an examination of these Counts reveals that each of the individual Plaintiffs does not explicitly request compensatory and punitive damages in the sums that would satisfy the $50,000 jurisdictional minimum amount in controversy required by 28 U.S.C. § 1332(a).

 In analyzing Defendant's claim that Counts II, IV, VI, VIII, and X of the Complaint seek amounts in compensatory and punitive damages in excess of $50,000, the Court shall first examine the compensatory elements of these counts. In all of the ten counts in the Complaint, each of the individual Plaintiffs simply state that they each individually seek an amount in compensatory damages in excess of $15,000. In Illinois, a plaintiff is not limited to the amount sought in his prayer, but, rather, a plaintiff need only plead the minimum amount necessary to meet the appropriate jurisdictional requirement. 735 ILCS 5/2–604. Given Illinois' system of pleading, a district court may look to the whole of a complaint to assess whether the amount in controversy is "manifest by a reasonable reading of the complaint." *Navarro v. Subaru of America Operations Corp.*, 802 F.Supp. 191, 193 (N.D.Ill.1992).

 In the present case, it is manifest that the amounts sought for compensatory damages by each of the individual Plaintiffs exceed $15,000, but fall short of the $50,000 jurisdictional minimum laid out by 28 U.S.C. § 1332(a). Count II states Plaintiff Bill Hohn "has been damaged ... in the amount of $40,000." (Complaint, Count II ¶ 11). Count IV states that Plaintiff Janice Hohn "has been damaged ... in the amount of $35,000." (Complaint, Count IV ¶ 11). Count VI states that Plaintiff Raymond Garbeth "has been damaged ... in the amount of $42,000." (Complaint, Count VI ¶ 11). Count VIII states that Plaintiff Andrew Huhra "has been damaged ... in the amount of $35,000." (Complaint, Count VIII ¶ 11). Count X states that Plaintiff Rich Kwak "has been damaged ... in the amount of $40,000."

(Complaint, Count X ¶ 11). Manifestly, none of these claims for compensatory damages by themselves satisfy the $50,000 jurisdictional minimum laid out in 28 U.S.C. § 1332(a).

Although the individual claims for compensatory damages made by Plaintiffs fall short of the jurisdictional minimum applicable in this case, Plaintiffs have also requested punitive damages in Counts II, IV, VI, VIII, and X. Defendant, in its Notice of Removal, asserts that when considered together, the compensatory and punitive damages requested by Plaintiffs exceed the sum of $50,000 on each of these counts. The Supreme Court has stated that "[w]here both actual and punitive damages are recoverable under a complaint each must be considered *to the extent claimed* in determining jurisdictional amount." (emphasis added) *Bell v. Preferred Life Society*, 320 U.S. 238, 240, 64 S.Ct. 5, 6, 88 L.Ed. 15 (1943). In this case, Plaintiffs have made claims for punitive damages that are not quantified either in the prayers of the individual counts or in the body of the Complaint itself. In addition, Defendant has not offered, nor has the Court found, an indication in any other statement by Plaintiffs which would aid the Court in determining the extent of punitive damages claimed by each of the individual Plaintiffs. As such, the Court is faced with a wholly unquantified and ambiguous claim for punitive damages.

Although it may be tempting to simply assume that Plaintiffs will seek amounts that, when combined with compensatory damages, will easily meet and exceed the $50,000 jurisdictional minimum, jurisdiction cannot be based upon probabilities, surmise, or guesswork. *Navarro v. LTV Steel Co.*, 750 F.Supp. 928 (N.D.Ill.1990). Accordingly, this case must be remanded to the state court for lack of subject matter jurisdiction. However, the remand is without prejudice to a potential renewed removal should Defendant at some future time ascertain through the use of discovery or otherwise that the extent to which Plaintiffs claim punitive damages when combined with the amount claimed for

compensatory damages exceeds the jurisdictional minimum amount of $50,000.[3]

Accordingly, the Court *sua sponte* **REMANDS** this case without prejudice to the Circuit Court of the Eleventh Judicial Circuit, County of McLean, Illinois pursuant to 28 U.S.C. § 1447(c).

---

**3.** The Court does not address or decide whether the punitive damages claimed by Plaintiffs satisfy the two prong test presented by *Kahal v. J.W. Wilson & Assocs., Inc.,* 673 F.2d 547, 548 (D.C.Cir.1982). It would be premature for the Court to decide this issue prior to Defendant ascertaining the amount of punitive damages sought by Plaintiffs.