**Bruce Steve BAKER, Plaintiff,**

v.

**FIRESTONE TIRE & RUBBER CO., Defendant.**

No. 82–0270–Civ–EPS.

United States District Court,
S. D. Florida,
Miami Division.

March 31, 1982.

---

Steven Kent Hunter, Adams, Ward, Hunter, Angones & Adams, Miami, Fla., for plaintiff.

O. Edgar Williams, Jr., Berryhill, Avery, Williams & Scott, P. A., Fort Lauderdale, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR REMAND

SPELLMAN, District Judge.

THIS CAUSE came before the Court on Plaintiff's Motion for Remand. The case involves an automobile accident that occurred in Dade County on August 13, 1978. Bruce Steve Baker (Plaintiff) filed suit in state court alleging he was injured because of the failure of a passenger tire manufactured by Firestone (Defendant).

The case was originally set for trial on April 21, 1981, but Plaintiff voluntarily dismissed the action. The instant suit involving the same accident was filed in state court in Miami on January 15, 1982, and was removed to this Court by Firestone on February 10, 1982 pursuant to 28 U.S.C. § 1441(a).

There are basically three issues which need to be addressed in this case:

1). Whether allegations on the face of the initial pleading are controlling in determining grounds for removal, or whether the court will look to the whole record?

2). Whether this case should be remanded because Firestone did not remove the earlier action which pended for one (1) year and ten (10) months before Plaintiff voluntarily dismissed?

3). Whether the court should voluntarily abstain from hearing this case?

This Court will separately address each of the above issues.

## I. DETERMINING GROUNDS FOR REMOVAL

Plaintiff claims that the requisite $10,000 was not alleged because the initial complaint only requested damages in excess of $5,000. This raises the question: whether or not allegations on the face of the initial pleading are controlling in determining grounds for removal, or whether the court will look to the whole record. Some courts have held that the allegations in the

complaint govern. *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252 (5th Cir. 1961); *Bonnell v. Seaboard Air Line Railroad Co.*, 202 F.Supp. 53 (N.D.Fla.1962). Other courts consider all the facts disclosed in the record as a whole in determining removability. *Villarreal v. Brown Express, Inc.*, 529 F.2d 1221 (5th Cir. 1976) (citing *Nunn v. Feltinton*, 294 F.2d 450 (5th Cir. 1961)); *Lee v. Altamil Corp.*, 457 F.Supp. 979 (M.D.Fla.1978). Since it is not clear which rule this Court should follow a thorough examination of the situation is in order.

## A. THE STRICT VIEW

In sum, the strict view holds that the grounds for removal must appear on the face of the complaint unaided by reference to the other pleadings or the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1934). The strict view was followed in *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252 (5th Cir. 1961). In *Gaitor*, a longshoreman brought a personal injury suit in state court. He alleged that he had been injured loading cargo, and that his damages exceeded $5,000 as permitted by state practice. The court found that an action for damages "in excess of $5,000 as permitted by state practice could not be construed as "exceeding the sum or value of $10,000 * * *." The court noted that according to 28 U.S.C. § 1332, the $10,000 is a limitation on federal jurisdiction in diversity cases, and the sum claimed by the plaintiff controls if it is made in good faith. 287 F.2d at 254 (citing *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). *See also* 2 F.R.D. 388, 395. However, the court in *Gaitor* also indicated that a defendant seeking to remove in a proper diversity case is not to be denied access to federal court merely because the complaint against him is couched in nebulous terms. 287 F.2d at 255. According to the court, the defendant, who desires to remove the case, must show he has the requisite factors of diversity jurisdiction, but even if the complaint doesn't show a sufficient amount, removal may still be had if within the time limit defendant files a pleading, motion or other paper from which it may be ascertained the action has become removable. *Id.* *See* 28 U.S.C. § 1446(b).

## B. THE LIBERAL VIEW

Under the Liberal view, the inquire is not limited to the face of plaintiff's complaint, rather the court may examine, the record as a whole in determining the propriety of removal. *See Gay v. Ruff*, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1047 (1934). In line with this view federal courts always seek to ascertain the substantive underpinnings of plaintiff's cause of action. 14 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3734 (1976). In fact, in practice federal court's consider a variety of papers in determining removability. *Id.* Title 28 U.S.C. § 1446, which provides the procedure for removal, supports the liberal view. Under this provision a removal petition may be filed within thirty days of receipt of an amended pleading, motion, order or other paper from which it first appears that the case is removable. This demonstrates that a variety of papers may be considered in determining removability, and the courts have so held. *See* Wright, Miller & Cooper, *supra* § 3734. Moreover, there would be little point for the petition for removal to contain a short plain statement of the grounds for removal, if the federal court could not look to it in determining the propriety of removal. *Id.*

The Middle District of Florida has adopted the liberal view. In *Lee v. Altamil*, 457 F.Supp. 979 (M.D.Fla.1978), an action was brought in state court based on "serious personal injuries" allegedly sustained by plaintiff as the proximate result of a defective component of a bulk feed tank and conveying system which was sold to plaintiff by defendant. The defendant in *Lee* filed a petition for removal. The court reasoned that a reasonable reading of the complaint should have put defendant on notice that the amount in controversy was in excess of $10,000. The complaint alleged: "serious permanent injury, 'substan-

tial medical expenses,' great pain and suffering, and a substantial loss of income. . . . [T]he complaint contained no specific ad damnum clause, [and] merely [alleged] the jurisdictional minimum of 'damages in excess of $2,500.'" *Id.* at 981. The court concluded that this should have put defendant on notice that the case involved more than $10,000. The court in *Lee* denied removal, however, because the defendant did not file the petition for removal within the 30 day requirement.

The case at hand is very similar to the one in *Lee.* With regard to the amount in controversy, defendant alleges that although the plaintiff's complaint merely states that the amount in controversy is in excess of $5,000, a reasonable reading of the complaint discloses that the sum does in fact exceed $10,000. Plaintiff claims as injuries in his complaint the following: ". . . permanent and serious injuries . . . pain, disfigurement, disability, loss of wages, loss of earning capacity, loss of the capacity for the enjoyment of life, and great expenses for future medical treatment." *See* Prayer for Relief, Baker Complaint. Also, it appears from Firestone's petition for removal that diversity of citizenship is sufficiently alleged. The petition for removal states that plaintiff at the time the action was commenced and still is a citizen of the state of Florida and that the defendant, Firestone, at the time this action commenced was and still is a corporation incorporated under the laws of the state of Ohio, with its principal place of business in the state of Ohio, and that Firestone is not a citizen of the state of Florida. *See* Defendant's Petition for Removal, paragraph 6.

Therefore, based upon the above analysis, this Court adopts the liberal view and under that view finds there is diversity of citizenship and the requisite $10,000 in controversy.

## II. HAS FIRESTONE WAIVED ITS RIGHT TO REMOVE?

█ Plaintiff claims that Defendant has waived the right to transfer this case. The basis for this assertion is that the civil action of *Bruce Baker v. Firestone,* pended for 1 year and 10 months in state court before Plaintiff voluntarily dismissed the action. Plaintiff notes that Firestone did not seek removal of that earlier case and therefore should be deemed as having waived the right to remove.

The prior suit here was dismissed pursuant to Rule 1.420(a), Florida Rules of Civil Procedure. This rule gives a party an absolute right to take a voluntary dismissal at any time prior to a hearing on a motion for summary judgment, before the jury retires, or before submission of a nonjury case to the court. *Beven v. D'Alessandro,* 395 So.2d 1285 (Fla.App., 1981). By voluntarily dismissing the earlier suit plaintiff terminated the litigation instantaneously. This dismissal was however without prejudice to plaintiff, and if the right to do so has not been exercised before and is not barred by the statute of limitations, plaintiff may commence a wholly new lawsuit against the same defendant. *Randle-Eastern Ambulance Service, Inc., v. Vasta,* 360 So.2d 68 (Fla.1978). Therefore, when plaintiff, Bruce Steve Baker, commenced the present action, it was a wholly new lawsuit, and since the defendant removed the present action within the required 30 days, the removal was proper.

## III. VOLUNTARY ABSTENTION

█ Plaintiff requests that the court voluntarily abstain from hearing this case. The abstention doctrine permits a federal court, in the exercise of its discretion to relinquish jurisdiction where necessary to avoid needless conflict with administration by a state of its own affairs. *See R.R. Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). There are basically four situations where a federal court will abstain from hearing a case. Those situations are as follows:

(1) to avoid decision of a federal constitutional question where the case may be disposed of on state law;

(2) to avoid needless conflict with the administration by a state of its own affairs;

(3) to leave to the states resolution of unsettled questions of state law; and

(4) to ease the congestion of the federal docket.

See Wright, *Law of Federal Courts* § 52 (1976).

The only one of the above which may possibly relieve this court from hearing the case is # 4. However, when one considers that it is the demands of federalism which are at the heart of the abstention doctrine and that some courts have referred to the foreign citizens' access to federal court as a right, *see Wright v. Continental Casualty Co.*, 456 F.Supp. 1075 at 1077, this case can hardly be viewed as the appropriate situation for abstention. Thus, since all the statutory grounds established by Congress for removal have been met, there appears to be no reason for refusing removal in this case based on the abstention doctrine.

Therefore, having reviewed the record in this cause and being otherwise duly advised, it is hereby,

ORDERED AND ADJUDGED that the Motion for Remand be DENIED.