**Maria NAVARRO, etc., Plaintiff,**

v.

**LTV STEEL COMPANY, Defendant.**

**No. 90 C 6063.**

United States District Court, N.D. Illinois, E.D.

Nov. 10, 1990.

Steven Salk, Steven B. Salk & Associates, Michael Ziering, Ziering & Weiss, Chicago, Ill., for plaintiff.

Terrance L. Smith, Smith & DeBonis, East Chicago, Ind., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This Court's October 23, 1990 memorandum opinion and order (the "Opinion", 750 F.Supp. 928) remanded this action to the state court sua sponte, because the Complaint at Law filed by Maria Navarro as Administrator of the Estate of Ramon Sanchez, Deceased ("Navarro") had not set out one of the essential components of federal diversity-of-citizenship jurisdiction—the requisite amount in controversy. Now counsel for defendant LTV Steel Company, Inc. ("LTV") has served notice of the proposed tendering of a Motion To Amend Notice of Removal. Because that motion still does not itself do the job of establishing the necessary jurisdictional preconditions to removal, it is appropriate to issue this further sua sponte discussion of the matter.

As a purely mechanical matter, the current motion corrects the mistaken reference in the original Notice of Removal (the "Notice") to federal jurisdiction being invoked under 28 U.S.C. § 1331 (the source of federal-question jurisdiction)[1] rather than the diversity provisions of Section 1332(a)—a matter noted parenthetically in Opinion at 929 n. 2. If that had been the only problem with the Notice, Section 1653 would have afforded a ready source of relief. But what the new motion (or more accurately the Memorandum submitted in support of that motion) properly focuses on particularly is the need to establish the requisite amount in controversy, and the discussion here speaks to the same issue.

In conformity with the requirements of Illinois law where personal injuries are in issue (Ill.Rev.Stat. ch. 110, ¶ 2–604),[2] Na-

---

1. All further references to Title 28's provisions will simply take the form "Section—."

2. Navarro claims that decedent Sanchez was killed when he fell from a height of more than

90 feet—he had been working on a conveyor bridge that collapsed—and that LTV's negligence was the cause of the occurrence.

varro's Complaint does not set out a specific ad damnum—instead it refers only to the minimum jurisdictional amount necessary to bring the matter before the Law Division rather than the Municipal Division of the Circuit Court of Cook County (an amount in excess of $15,000). That poses what the leading treatise on federal procedure describes as a "special difficulty" in determining whether federal jurisdiction exists. It is worth repeating in full what LTV's counsel has quoted in part from 14A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3725, at 423–24 (2d ed. 1985) (most footnotes omitted):

A special difficulty arises when the state in which the federal court is sitting either does not require that the complaint contain a demand for a specific monetary amount, or expressly forbids the inclusion of such a demand, or requires only that more than a certain amount be alleged. The federal courts have had some difficulties in measuring the amount in controversy when the complaint is silent or inconclusive and either have looked to the petition for removal, have made an independent appraisal of the monetary value of the claim or suggested that the defendant was free to do so, or have remanded the action. When the removal petition or the record before the federal court contains enough information to make a judgment on the matter, the court should do so. However, it would be best to amend the removal statute to authorize this practice and thereby indicate to the bar that when the complaint is silent the defendant should include a statement in the removal petition showing that the jurisdictional amount requirement has been satisfied.[21]

___

[21] The American Law Institute has proposed that the matter be dealt with in the removal petition. See American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts, Official Draft, 1969, § 1381(c)(2) and commentary at p. 344.

**3.** Section 1446(b) provides that "if the case stated by the initial pleading is not removable" the 30-day clock for removal begins with defen-

But Congress has not chosen to amend the removal statute, and the matter remains unsettled in any definitive way. Wright, Miller & Cooper identify several alternatives. This Court remains persuaded that a remand is the soundest resolution of the issue, because that is consistent with the normal approach to removal jurisdiction—one that construes the requirements literally, without guesswork or surmise. To this point there is no *assurance* from the party who controls the decision—the plaintiff—as to the quantification of the claim. What Opinion at 929 referred to as the high probabilities "in real-world terms" were *only* probabilities based on assumptions, and it remains preferable to make removal depend upon certainty.

Accordingly this Court will await the hearing on LTV's new motion. If at that time Navarro confirms (as would seem likely, though as already stated it is not certain) that more than $50,000 is indeed in controversy, the amended notice of removal will be accepted because by definition it will be timely.[3] But if that is not the case, this Court would anticipate denying LTV's motion.

dant's receipt of the first pleading, order or other paper that establishes the conditions for removability.