In the Matter of SHELL OIL COMPANY, Petitioner.

No. 92–1709.

United States Court of Appeals, Seventh Circuit.

Submitted May 29, 1992.

Decided July 1, 1992.

---

Vincent H. Venker, II, Coburn, Croft & Putzell, St. Louis, Mo. and Thomas M. Zulim, Houston, Tex., for petitioner.

Joseph A. Bartholomew, Cook, Shevlin, Keefe, Ysursa, Brauer & Bartholomew, Belleville, Ill., for respondent.

Before CUDAHY, COFFEY, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Earl Dennler filed suit against Shell Oil Company in an Illinois court, contending that Shell broke a contract of employment. According to the complaint, the annual salary was to be $70,000 per year, and Dennler asserted that he had incurred expenses in reliance on Shell's promise. The complaint's prayer for relief sought a judgment exceeding $15,000 but less than $50,000.

Shell removed the action to federal court under the diversity jurisdiction. Shell contended that because damages could be some multiple of the $70,000 annual salary, the amount in controversy exceeded $50,-000 despite Dennler's allegations. Cf. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938): "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Cf. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir.1992). Shell contended that more than $50,000 is in controversy because in Illinois the prayer in a complaint does not limit the plaintiff's recovery. Ill.Rev.Stat. ch. 110 ¶ 2–604.

*St. Paul* held that a plaintiff may not obtain a remand by amending the complaint to seek less than the jurisdictional amount. This principle has led some courts to hold that removal is proper, although the complaint asks for less than the jurisdictional amount, when state law permits a court to award more and the court is likely to do so if it decides in the plaintiff's favor. E.g., *Cole v. Freightliner Corp.*, 1991 WL

42163, 1991 U.S.Dist. Lexis 3408 (N.D.Ill.) (Rovner, J.); *Garza v. Bettcher Industries, Inc.*, 752 F.Supp. 753 (E.D.Mich.1990); *Johnson v. Core–Vent Corp.*, 1990 WL 51253, 1990 U.S.Dist. Lexis 4225 (N.D.Ill.); *Locklear v. State Farm Mutual Automobile Insurance Co.*, 742 F.Supp. 679 (S.D.Ga.1989); *Mutual First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F.Supp. 281 (S.D.Ala.1989); *Corwin Jeep Sales & Service, Inc. v. American Motors Sales Corp.*, 670 F.Supp. 591 (M.D.Pa.1986); *Steele v. Underwriters Adjusting Co.*, 649 F.Supp. 1414 (M.D.Ala.1986); *Hale v. Billups of Gonzales, Inc.*, 610 F.Supp. 162 (M.D.La.1985). Cf. *Ross v. Inter–Ocean Insurance Co.*, 693 F.2d 659 (7th Cir.1982) (disregarding the allegations of the complaint when the defendant, who removed the case, knew that a judgment would fall under the jurisdictional amount).

A divided panel of the fifth circuit disagrees. *Kliebert v. Upjohn Co.*, 915 F.2d 142 (5th Cir.1990), vacated on grant of rehearing in banc, 923 F.2d 47, dismissed after settlement, 947 F.2d 736 (1991). According to *St. Paul*, a plaintiff may avoid removal by claiming less than the jurisdictional amount. 303 U.S. at 294, 58 S.Ct. at 593. This privilege is not limited, *Kliebert* thought, to jurisdictions that hold plaintiffs to their complaints. Instead the court believed that *St. Paul* means that the allegations of the complaint must be accepted, one way or the other, unless the plaintiff acted in bad faith. To show bad faith a defendant would have to establish that the plaintiff is legally certain to recover more. Cf. *Vail v. Orkin Exterminating Co.*, 1991 WL 134275, 1991 U.S.Dist. Lexis 9633 (N.D.Ill.) (case is removable, despite complaint seeking less than the jurisdictional amount, when there is a "substantial likelihood" that a prevailing plaintiff will recover more).

Dennler filed a petition for remand, offering to fortify the ceiling by stipulating that he would not collect more than $50,000 if he won the litigation. Shell opposed the motion, contending that because jurisdiction depends on the situation at the moment of removal, *St. Paul*, 303 U.S. at 293,

58 S.Ct. at 592, a stipulation would neither require nor authorize a remand. Dennler filed his remand motion on December 5, 1991, and Shell its response on February 4, 1992. The district court let matters ride. On February 25 Dennler filed the stipulation, reading: "The Plaintiff, EARL DENNLER, hereby stipulates that he will not seek nor collect more than FIFTY THOUSAND DOLLARS ($50,000.00) exclusive of interest and costs in his case against the Defendant herein." On March 3 the district judge remanded the case to state court. The order reads, in full: "IT IS HEREBY ORDERED that Plaintiff's Motion for Remand is hereby granted." The court did not provide a reason.

Whether we have the authority to issue the writ of mandamus Shell seeks depends on the unstated reason for the remand. If the district court believed that the case was properly removed, but that the stipulation justified a remand, then we may review the order. *In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 707–09 (7th Cir.1992). If, however, the district court believed with the panel in *Kliebert* that jurisdiction was missing at the outset, then 28 U.S.C. § 1447(d) would block any review, even though we might disagree with that decision. *Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977); *Hernandez v. Brakegate, Ltd.*, 942 F.2d 1223 (7th Cir.1991).

In *Amoco Petroleum Additives*, another case in which the court remanded without giving reasons, we inferred from an initial denial of remand, followed by a remand after a change in the cast of characters, that the court believed jurisdiction present initially. That led us to issue a writ of mandamus. Here, by contrast, we have no idea why the district judge remanded the case. "Appellate judges are no better than average mind readers, which creates difficulties in reviewing unexplained acts." *Amoco Petroleum Additives*, 964 F.2d at 708–09. An inference from the delay in ruling on the motion would be precarious; Dennler filed the stipulation only three weeks after Shell's response, and many things other than a particular view of the jurisdictional question could lie behind such a short intermission in the flow of events.

The Rules of Civil Procedure require district judges to state reasons when issuing injunctions or deciding cases after trial (or in mid-trial). They do not call for reasons when a judge dismisses a claim before trial or grants summary judgment. Frustration at our inability to provide intelligent review on the (rare) occasions when district judges disposed of cases on the merits without explanation led us to adopt Circuit Rule 50, which provides: "Whenever a district court dismisses a claim or counterclaim or grants summary judgment, the district judge shall give his or her reasons for the dismissal of the claim or counterclaim or the granting of summary judgment, either orally on the record or by written statement." Rule 50 was designed to close the gaps in the Rules of Civil Procedure, so that every dispositive order would be explained—for the benefit of the parties (who should not have to wonder why a judge acted) as well as this court.

*Amoco Petroleum Additives* and this case show that our drafting was not sufficiently comprehensive. An order remanding a case to state court is a terminal disposition, at least so far as the federal courts are concerned. Until *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), § 1447(d) was understood to preclude all appellate review of remand orders (other than of civil rights cases removed under § 1443). Today *Thermtron, Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), and cases such as *Rothner v. Chicago*, 879 F.2d 1402 (7th Cir.1989), permit review of some remands, but far from all. Just which remands are reviewable depends on the reasons the district court provides, as *Rothner* and *Amoco Petroleum Additives* show. Unless the district courts explain their orders, we cannot carry out our own duties. Neither the parties nor a reviewing court should be compelled to guess at the reasons for a decision—especially not when the reason determines whether we are entitled to be a "reviewing court" in the first place!

Pending a revision of Circuit Rule 50, district courts should accommodate both the litigants and this tribunal by stating reasons for their remand orders. Reasons need not be elaborate; often a sentence will do. When as in this case the unstated reason is important to our jurisdiction, we shall issue a limited writ directing the district court to provide the essential information.

It is at least conceivable that an amendment· to § 1447 makes the district judge's reason irrelevant. *St. Paul* held that diversity jurisdiction depends on circumstances at the time of removal. In 1988 Congress amended § 1447(c) to provide that a motion to remand "on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Does the reference to "any time before final judgment" mean that changes after removal can eliminate jurisdiction and require remand? We think not. The distinction between 30 days to raise procedural shortcomings and "any time" for jurisdictional ones does no more than direct courts to remain vigilant to ensure the presence of jurisdiction even though the parties may disregard the subject (or, worse, try to sneak one by the judge). Neither the text of the revised § 1447(c) nor its legislative history implies that Congress altered the traditional view, expressed in *St. Paul* and, e.g., *Freeport—McMoRan, Inc. v. K N Energy, Inc.,* —— U.S. ——, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991), that jurisdiction present at the time a suit is filed or removed is unaffected by subsequent acts, subject to the limited statutory exception discussed in *Newman—Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). As in *Amoco Petroleum Additives,* then, it matters whether the district court remanded the case because in its view jurisdiction was missing at the time of removal or because of later events. We need to know which.

The petition for a writ of mandamus is granted in part, and we direct the district court to explain the reason or reasons it remanded this . case. After receiving the explanation, this panel will decide whether to issue a further writ setting aside the order of remand.