Maria NAVARRO, Plaintiff,

v.

SUBARU OF AMERICA OPERATIONS CORP., Defendant.

No. 92 C 5966.

United States District Court,
N.D. Illinois, E.D.

Oct. 8, 1992.

John J. Munday, Munday & Nathan, Chicago, Ill., for plaintiff.

Jeffrey Singer, Robert Edward O'Malley, Segal, McCambridge, Singer & Mahoney, Ltd., Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is defendant Subaru of America, Inc.'s [1] ("Subaru of America") no-

tice of removal pursuant to 28 U.S.C. § 1446. For the following reasons, the court *sua sponte* remands the case to the Circuit Court of Cook County, Illinois.[2]

## FACTS

According to the complaint, plaintiff Maria Navarro ("Navarro") was a passenger in a 1982 Subaru sedan driven by Robert Johnston ("Johnston"). Allegedly, Subaru of America either designed, manufactured, distributed, or sold the vehicle. In July 1992, as a result of a fracture of the inner arm of the left rear suspension system, Johnston lost control of the automobile, causing it to overturn on an entrance ramp to Interstate 55 in Summit, Illinois. Navarro brought suit against Subaru of America in the Circuit Court of Cook County, Illinois on or about August 6, 1992, claiming premature corrosion of the suspension components and inadequate rust proofing on the suspension components for the ten-year-old automobile.

Subaru of America filed a timely notice of removal on September 4, 1992 alleging diversity jurisdiction under 28 U.S.C. § 1332(a). In the notice of removal, Subaru of America asserts citizenship of New Jersey and asserts Navarro is a citizen of Illinois. Subaru of America also asserts that the amount in controversy is actually in excess of $50,000 based on information gathered during a telephone conversation with Navarro's counsel, although the complaint's prayer for relief only seeks judgment for a sum in excess of $30,000. The record reveals that Navarro does not contest removal. Incidentally, the posture of the present case mirrors that of another case before the court. *See Stemmons v. Toyota Tsusho America*, 802 F.Supp. 195 (N.D.Ill.1992).

## DISCUSSION

Federal court jurisdiction does not turn on the agreement of the plaintiff and defendant. The propriety of removal depends on whether the suit, as plaintiff framed or easily could have framed it in

---

**1.** Defendant asserts in its notice of removal that it was incorrectly sued as "Subaru of America Operations Corp."

**2.** Subaru of America has filed a motion for leave to file its first affirmative defense and Maria Navarro has filed a motion to file an amended complaint. Both motions are denied as moot.

the complaint, would have been within this court's jurisdiction at the time of removal. *Federal Deposit Ins. Corp. v. Elefant*, 790 F.2d 661, 667 (7th Cir.1986) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983)); *see also In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir.1992) (jurisdiction depends on circumstances at the time of removal).

■ The district court must jealously guard its jurisdiction against abuse by parties who may not comprehend the constitutional importance of federal jurisdiction. *See In re Shell Oil Co.*, 966 F.2d at 1133 (28 U.S.C. § 1447(c) requires district courts to "remain vigilant to ensure the presence of jurisdiction even though the parties may disregard the subject (or, worse, try to sneak one by the judge)"). Questions on removal are accordingly strictly construed against federal jurisdiction. *Hess v. Great Atlantic & Pac. Tea Co.*, 520 F.Supp. 373 (N.D.Ill.1981); *see also Holly Farms Corp. v. Taylor*, 722 F.Supp. 1152, 1156 (D.Del. 1989) (removal strictly construed; federal court should remand if doubt exists as to right of removal). And ambiguities are resolved against removal when doubt exists as to jurisdiction. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 663 (7th Cir.1976).

■ Although removal is not limited only to cases where the complaint alleges an amount in controversy in excess of $50,-000, removal does turn on the actual amount in controversy. *Michigan Mfrs. Serv. Inc. v. Robertshaw Controls Co.*, 134 F.R.D. 154 (E.D.Mich.1991). A district court can satisfy itself that removal is proper if the jurisdictional amount in controversy is manifest by a reasonable reading of the complaint. *See, e.g., Baker v. Firestone Tire & Rubber Co.*, 537 F.Supp. 244, 247 (S.D.Fla.1982) (complaint alleged permanent and serious injuries, although amount stated was "in excess of $5,000"). As a result, it is the duty of the district court to satisfy itself that the complaint delineates a controversy involving a sum actually in excess of $50,000.

■ In the Illinois court system, a plaintiff may not plead a specific ad damnum, but must instead plead the minimum extent necessary to comply with the appropriate jurisdictional amount contained in the circuit rules of assignment. Ill.Rev. Stat. ch. 110, ¶ 2–604. The prayer in the complaint does not limit plaintiff's recovery. *Id.* Appropriately, Navarro's complaint does not specify an amount in controversy and seeks judgment only in an amount in excess of $30,000. Therefore, the court is faced with a situation where the complaint's allegations are not specific as to the type of injury sustained or the amount of recovery expected, and the ad damnum declares an amount less than the federal jurisdictional requirement, although Navarro is not limited to the $30,000 expressed in the ad damnum.

Caught in a similar conundrum, some district courts have allowed the removing defendant an opportunity to inform the court of the jurisdictional ground for removal through some type of hearing. *See, e.g., Cole v. Great Atlantic & Pac. Tea Co.*, 728 F.Supp. 1305, 1308–09 (E.D.Ky. 1990); *Corwin Jeep Sales & Serv., Inc. v. American Motors Sales Corp.*, 670 F.Supp. 591, 596 (M.D.Pa.1986); *Kerbow v. Kerbow*, 421 F.Supp. 1253, 1259 (N.D.Tex.1976). One approach was to take the allegations in the notice of removal at face value in making the determination. *See, e.g., McCurtain County Production Corp. v. Cowett*, 482 F.Supp. 809, 813 (E.D.Okl.1978). Still another approach was to allow plaintiff's counsel's concession that the amount plaintiff was seeking was in excess of $50,000 to constitute sufficient support for defendant's allegation in the petition for removal. *Wright v. Continental Cas. Co.*, 456 F.Supp. 1075, 1078 (M.D.Fla.1978). Last, some courts have held that removal is proper when the court is likely to award an amount in excess of $50,000 upon plaintiff's recovery, despite the complaint's request for less than the jurisdictional amount. *See Vail v. Orkin Exterminating Co.*, 1991 WL 134275, 1991 U.S.Dist. LEXIS 9633 (N.D.Ill. July 12, 1991) (where there is "substantial likelihood" that prevailing plaintiff would recover in excess of $50,000); *see also* cases cited in *In re Shell Oil Co.*, 966 F.2d at 1131.

■ In light of the general principles stated previously, the court deems the approach taken by the Honorable Milton I. Shadur on prior occasions persuasive. Judge Shadur has concluded that remand is the soundest resolution of a notice of removal encountering the present problem after analyzing the problem of having different jurisdictional amounts in Illinois and the federal courts, and after analyzing the interplay of Illinois's pleading limitations

**194**

with the federal removal statute. *Navarro v. LTV Steel Co.*, 750 F.Supp. 930, 931 (N.D.Ill.1990).[3] As Judge Shadur stated, in holding true to Congressional intent, "it remains preferable to make removal depend upon certainty," not on probability and assumption. *Id.; see also Maki v. Keller Indus., Inc.*, 761 F.Supp. 66, 68 (N.D.Ill.1991) (despite attachment of article identifying injury as a broken back, remand appropriate); *Navarro v. LTV Steel Co.*, 750 F.Supp. 928, 929 (N.D.Ill.1990) (action removable when it is *certain* that more than $50,000 is in controversy).

A fair reading of the present complaint does not indicate that the amount in controversy is certainly in excess of $50,000. Navarro seeks compensation for "injuries of a personal and pecuniary nature, including but not limited to, lost wages, medical expenses, pain and suffering, and physical and emotional trauma, all of which are permanent." There is not enough detail from this boilerplate allegation to conclude the injuries are serious or extensive enough to approach a $50,000 award. Without more detailed allegations, the court is left with an ambiguity best resolved in favor of remand.

■ Seeking removal, Subaru of America claims Navarro suffered a fractured pelvis, ribs, ankles, and several other bones. Nonetheless, these allegations do not appear in the complaint and are merely derived from an apparent informal conversation. Further, in contrast to Subaru of America, Navarro possesses actual knowledge of the extent of her injuries and is in the best position to set them forth in the pleading with some particularity. Closing the gap between $30,000 asserted in the complaint and $50,000 alleged in the notice of removal is too large of a leap of faith for the court. In our adversary system, federal jurisdiction should not turn on telephone "puffing" from counsel for the plaintiff, who may want to increase his or her settlement potential or recovery, to counsel for defendant, who may be receptive to the puffing for purposes of removal.

■ The court is also concerned with needlessly divesting the state courts of jurisdiction over matters legitimately in their domain. It is true that, in a diversity action filed in federal court, the court will not dismiss the action because of a jurisdictional amount deficiency unless it appears to a legal certainty that plaintiff *cannot* meet the jurisdictional amount. *Racich v. Mid Continent Builders Co.*, 755 F.Supp. 228 (N.D.Ill.1991); *Bellock v. Orkin Exterminating Co.*, 754 F.Supp. 122, 123 (N.D.Ill. 1990). But in such a case a district judge possesses the benefit of Rule 11 with which he or she can be confident that the prayer seeking compensation in excess of $50,000 is made in good faith and is supported by reliable information—facts based on the personal knowledge of the plaintiff. On the other hand, a complaint filed in an Illinois state court will not contain a prayer seeking in excess of $50,000. Consequently, when a defendant files a notice of removal and claims the amount in controversy is actually in excess of $50,000 based on a telephone conversation with the plaintiff, there is little or no reliability to the assertion, even though it may be made in good faith and based on a reasonable inquiry to also satisfy Rule 11. The court instead has an insufficient and unreliable basis for determining the factual justification for that assertion. As a result, the federal court would needlessly wrest the case from the state forum by taking jurisdiction in such questionable circumstances.

In sum, the court finds that the complaint does not fairly and clearly demonstrate an amount in controversy in excess of $50,000 therefore making removal improper. In spite of all the foregoing, if after remand Navarro should later amend to seek more than the requisite amount, or if it were ascertained through legitimate discovery that the requisite amount was in excess of $50,000, the thirty-day period for seeking removal would begin anew. *Rollwitz v. Burlington Northern R.R.*, 507 F.Supp. 582 (D.Mont.1981); *see* 28 U.S.C. § 1446(b).

### CONCLUSION

For the reasons stated above, the court *sua sponte* remands this case to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c). The clerk is directed to delay the mailing of the remand order for fourteen days in accordance with local rule 30(b).

IT IS SO ORDERED.

---

**3.** Interestingly, plaintiff Maria Navarro was also the plaintiff in Judge Shadur's case.