Michael STEMMONS, Plaintiff,

v.

TOYOTA TSUSHO AMERICA, INC., Continental Toyota Motor Craft, Toyota Credit Corporation, Toyota Motor Distributors, Toyota Motor Sales, U.S.A., Inc., Defendants.

No. 92 C 5165.

United States District Court, N.D. Illinois, E.D.

Oct. 8, 1992.

Stuart Joseph Bobrow, Nilson, Stookal & Bobrow, Ltd., Chicago, Ill., for plaintiff.

Jeffrey Singer, Joseph P. Shannon, Segal, McCambridge, Singer & Mahoney, Ltd., Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court are defendant Toyota Motor Sales, U.S.A., Inc.'s ("Toyota Motor Sales") motion for reconsideration of this court's order remanding the case to state court, and plaintiff Michael Stemmons's ("Stemmons") motion to clarify this court's remand order.[1] For the following reasons, the court denies the motion for reconsideration, denies the motion to clarify, and remands the case to the Circuit Court of Cook County, Illinois.

## FACTS

According to the complaint, Stemmons was driving a Toyota Celica on or about December 15, 1991 when the air bag inflated without impact. Stemmons brought suit against numerous defendants, including Toyota Motor Sales, in the Circuit Court of Cook County, Illinois on or about June 30, 1992. Toyota Motor Sales is currently the only defendant served, while the parties agree that Toyota of Japan is the proper defendant. Toyota Motor Sales filed a timely notice of removal pursuant to 28 U.S.C. § 1446 on July 31, 1992 alleging diversity jurisdiction under 28 U.S.C. § 1332(a). In its notice of removal, Toyota Motor Sales alleges Stemmons is a citizen of Illinois and all the defendants are non-Illinois citizens. Toyota Motor Sales also asserts that the amount in controversy is actually in excess of $50,000 based on Stemmons's counsel's assertion during a telephone conversation that Stemmons lost his sight in one eye, although the complaint's prayer for relief only seeks judgment for a sum in excess of $30,000 and there is no allegation in the complaint regarding the loss of sight or any other serious injury.

By order dated August 4, 1992, this court ordered a remand because the complaint is silent on the nature of Stemmons's alleged injuries and on the amount of damages incurred, other than the request for over $30,000 in unspecified damages. In the order, however, the court invited Stemmons's counsel to establish the extent of the injuries and the amount of damages through the submission of affidavits or other supporting evidence, and by order dated August 21, 1992 the court gave the parties time to file such affidavits. The court noted that it would reconsider its order if the affidavits were in sufficient form and no other defects remained in the removal. Throughout the process, Stemmons has not contested removal and actually wants the court to assume jurisdiction.

Notwithstanding the court's assertion that it would reconsider its order if the affidavits were in sufficient form, the court is of the opinion that a remand is appropriate. A fair reading of the complaint does not indicate that the amount in controversy is in excess of $50,000 even though the complaint has been supplemented by an affidavit. Additionally, the affidavit and supporting materials demonstrate the importance of carefully guarding federal jurisdiction. Because this issue will surely be a recurring one, see Navarro v. Subaru of Am. Operations Corp., 802 F.Supp. 191 (N.D.Ill.1992), and because the jurisdictional question on removal is important, the court deems it necessary to explain more fully in a written opinion its reasons for remand in this case.

## DISCUSSION

■ Motions for reconsideration serve a limited function. They are ordinarily used to correct clear errors of law or fact or to present newly discovered evidence which could not have been adduced during the pendency of the motion. Kohl v. Murphy, 767 F.Supp. 895, 904 (N.D.Ill.1991). As demonstrated below, the court's order remanding the case to the Circuit Court of Cook County, Illinois was not erroneous and the court once again holds that a remand is appropriate.

■ Unfortunately for the present parties, federal court jurisdiction does not turn on the agreement of the plaintiff and defendant. No matter how hard the par-

---

1. Stemmons has also filed a motion to amend and a motion to non-suit which the court took under advisement pending the determination of jurisdiction. Both motions are denied as moot.

ties may implore, it takes an act of Congress to change jurisdictional requirements. The propriety of removal depends on whether the suit, as plaintiff framed or easily could have framed it in the complaint, would have been within this court's jurisdiction at the time of removal. *Federal Deposit Ins. Corp. v. Elefant,* 790 F.2d 661, 667 (7th Cir.1986) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983)); *see also In re Shell Oil Co.,* 966 F.2d 1130, 1133 (7th Cir.1992) (jurisdiction depends on circumstances at the time of removal).

The district court must jealously guard its jurisdiction against abuse by parties who may not comprehend the constitutional importance of federal jurisdiction. *See In re Shell Oil Co.,* 966 F.2d at 1133 (28 U.S.C. § 1447(c) requires district courts to "remain vigilant to ensure the presence of jurisdiction even though the parties may disregard the subject (or, worse, try to sneak one by the judge)"). Questions on removal are accordingly strictly construed against federal jurisdiction. *Hess v. Great Atlantic & Pac. Tea Co.,* 520 F.Supp. 373 (N.D.Ill.1981); *see also Holly Farms Corp. v. Taylor,* 722 F.Supp. 1152, 1156 (D.Del. 1989) (removal strictly construed; federal court should remand if doubt exists as to right of removal). And ambiguities are resolved against removal when doubt exists as to jurisdiction. *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 663 (7th Cir.1976).

Although removal is not limited only to cases where the complaint alleges an amount in controversy in excess of $50,000, removal does turn on the actual amount in controversy. *Michigan Mfrs. Serv. Inc. v. Robertshaw Controls Co.,* 134 F.R.D. 154 (E.D.Mich.1991). A district court can satisfy itself that removal is proper if the jurisdictional amount in controversy is manifest by a reasonable reading of the complaint. *See, e.g., Baker v. Firestone Tire & Rubber Co.,* 537 F.Supp. 244 (S.D.Fla.1982) (complaint alleged permanent and serious injuries, although amount stated was "in excess of $5,000").

As a result, it is the duty of the district court to satisfy itself that the complaint delineates a controversy involving a sum actually in excess of $50,000.

In the Illinois court system, a plaintiff may not plead a specific ad damnum, but must instead plead the minimum extent necessary to comply with the appropriate jurisdictional amount contained in the circuit rules of assignment. Ill.Rev. Stat. ch. 110, ¶ 2–604. The prayer in the complaint does not limit plaintiff's recovery. *Id.* Appropriately, Stemmons's complaint does not specify an amount in controversy and seeks judgment only in an amount in excess of $30,000. Therefore, the court is faced with a situation where the complaint's allegations are not specific as to the type of injury sustained or the amount of recovery expected, and the ad damnum declares an amount less than the federal jurisdictional requirement, although Stemmons is not limited to the $30,000 expressed in the ad damnum. Thus, the court resolved the ambiguity by ordering a remand on August 4, 1992.

Caught in a similar conundrum, district courts have taken various approaches. *See, e.g., Cole v. Great Atlantic & Pac. Tea Co.,* 728 F.Supp. 1305, 1308–09 (E.D.Ky.1990) (evidentiary hearing); *McCurtain County Production Corp. v. Cowett,* 482 F.Supp. 809, 813 (E.D.Okl. 1978) (allegations in notice of removal taken at face value); *Wright v. Continental Cas. Co.,* 456 F.Supp. 1075, 1078 (M.D.Fla. 1978) (court deemed concession by plaintiff's counsel that amount was actually in excess of $50,000 to be sufficient); *see also Vail v. Orkin Exterminating Co.,* 1991 WL 134275, 1991 U.S. Dist. LEXIS 9633 (N.D.Ill. July 12, 1991) (where there is "substantial likelihood" that prevailing plaintiff would recover in excess of $50,000) and cases cited in *In re Shell Oil Co.,* 966 F.2d at 1131.

In light of the general principles stated earlier, however, the court has determined that the approach taken by the Honorable Milton I. Shadur on prior occasions is persuasive. Consequently, the court stands on its earlier remand order.

Judge Shadur has concluded that remand is the soundest resolution of a notice of removal encountering the present problem. *Navarro v. LTV Steel Co.*, 750 F.Supp. 930, 931 (N.D.Ill.1990). As Judge Shadur stated, in holding true to Congressional intent, "it remains preferable to make removal depend upon certainty," not on probability and assumption. *Id; see also Maki v. Keller Indus., Inc.*, 761 F.Supp. 66, 68 (N.D.Ill.1991) (despite attachment of article identifying injury as a broken back, remand appropriate); *Navarro v. LTV Steel Co.*, 750 F.Supp. 928, 929 (N.D.Ill.1990) (action removable when it is *certain* that more than $50,000 is in controversy).

Stemmons claims in the complaint that he "suffered damage, and with reasonable certainty will continue to suffer, and has and will in the near future incur extensive medical expenses." He also claims that he suffered "severe and permanent injuries both internally and externally, and thereby kept him from attending to his affairs and duties thereby losing great gains which he would have otherwise acquired and made and has thereby become liable for large sums of money, endeavoring to become cured from his injuries." There is not enough detail from these boilerplate and vague allegations to conclude the injuries are serious or extensive enough to approach a $50,000 award.

 Toyota Motor Sales claims Stemmons may have lost sight in his eye based on Stemmons's counsel's assertion during an informal telephone conversation. In our adversary system, federal jurisdiction should not turn on telephone "puffing" from counsel for the plaintiff, who may want to increase his or her settlement potential or recovery, to counsel for defendant, who may be receptive to the puffing for purposes of removal. Accordingly, an allegation in a notice of removal based on an assertion from opposing counsel during a phone conference will not suffice to confer jurisdiction for removal purposes. *See Navarro v. Subaru of Am. Operations Corp.*, 802 F.Supp. at 194–95 (N.D.Ill.1992) (discussing reliability problems in such circumstances).

Furthermore, the unreliability of the assertions is especially exemplified in the present case. Stemmons's attorney submitted his own affidavit stating that Stemmons suffered an "acute fracture of the medial wall;" a "fracture of the left orbital;" and "loss of vision in the left eye and an alleged likelihood of developing a sympathetic vision loss in the right eye as a result of this incident, and allegedly that it is likely that the plaintiff will continue to have residual symptoms in the facial area." Nevertheless, the letter attached as an exhibit from Stemmons's physician (attached as "Exhibit A" to this opinion), and referred to specifically as support for some of the above assertions, reveals an entirely different view of the injuries. The physician states that Stemmons "does not have any difficulty with his eye sight." Further, the physician asserts that "any fracture [of the facial bones] that [has] been present [has] healed" but Stemmons still has "residual symptoms" in the left cheek.

The court is confronted with a licensed physician's diagnosis which contradicts the diagnosis of Stemmons's attorney, licensed to practice law. Not only does the court possess an insufficient and unreliable basis for determining the factual justification for Stemmons's counsel's assertions, it also possesses evidence that raises serious doubts as to the validity of the assertions. Without more detailed allegations, and faced with contradictory submissions, the court is again left with ambiguity and doubt best resolved in favor of remand.

In sum, the court finds that the complaint does not fairly and clearly demonstrate an amount in controversy in excess of $50,000 therefore making removal improper. Further, the court's fears are realized by a close reading of the materials submitted to support the parties' invocation of federal jurisdiction. In spite of all the foregoing, if it should later appear through further proceedings in state court that the requisite amount is clearly in excess of $50,000, the thirty-day period for seeking removal would begin anew. *Rollwitz v. Burlington Northern R.R.*, 507 F.Supp. 582 (D.Mont.1981); *see* 28 U.S.C. § 1446(b).

## CONCLUSION

For the reasons stated above, the court denies the motion for reconsideration, denies the motion to clarify, and remands the case to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(c). Finding no reason to delay the matter any more, the court directs the clerk to mail the certified copy of the remand order forthwith in accordance with local rule 30(b).

IT IS SO ORDERED.

## EXHIBIT A

ROBERT A. STONE, M.D., S.C.

PRACTICE LIMITED TO ORTHOPEDIC SURGERY

850 WEST DUNDEE

WHEELING, ILLINOIS 60090

TELEPHONE (708) 537–5500

January 23, 1992

 Re: Michael Stemmons

 D/A: December 15, 1991

Michael Stemmons, a 33 year old male, was first in my office today, January 23, 1992. Mr. Stemmons gives a history of driving his car on or about December 15, 1991 at which time as he was driving slowly through a parking lot, the air bag in his car exploded. He severely injured his face. He went to an emergency room. X-rays showed a fracture of the left lower orbit extending to the nasal bones. Air was escaping from the nasal area to his eye. A CAT–SCAN was performed.

Mr. Stemmons continues to experience pain in his cheek, below his left eye. He has pain whenever any pressure is applied to this area. He does not have any difficulty with his eye sight. He is not having any difficulty breathing.

Examination of the face shows that pupils of the eyes are equal and react to light and accomodation. The extra ocular muscles are intact. Neurologic examination is within normal limits. There is tenderness in the infra-orbital area on the left side. There is tenderness in the left nasal area. There is no tenderness over the temporal mandibular joints. There is full range of motion in the cervical spine. There is no tenderness about the cervical spine. Reflexes in the arms are present and equal bilaterally. Motor strength in the arms is intact. Sensation in the arms is intact.

X-rays taken of the facial bones show that any fracture that have been present have healed.

Diagnosis is fracture of the infra-orbital facial bones of the left cheek. Mr. Stemmons still has residual symptoms in this area. There is no further specific medical treatment that I would recommend for his condition at this time. It is likely that Mr. Stemmons will continue to have residual symptoms in the facial area.

Sincerely,

/s/ Robert A. Stone, M.D.

Robert A. Stone, M.D.

RAS/ss

Enclosure