**FERROSTAAL METALS CORPORATION, Plaintiff,**

v.

**BERLIN METALS, INC., Defendant.**

**No. 92 CV 7849.**

United States District Court,
N.D. Illinois, E.D.

March 8, 1993.

---

Stephen E. Smith, Law Offices of Stephen Edward Smith, Chicago, IL, for plaintiff.

David L. Weinstein, James Michael Dash, Rosenthal & Schanfield, P.C., Chicago, IL, for defendant.

## ORDER

NORGLE, District Judge.

Before the court is defendant Berlin Metals, Inc.'s ("BMI") motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons that follow, BMI's motion is denied.

## DISCUSSION

Plaintiff Ferrostaal Metals Corporation ("FMC"), a California corporation, has filed a complaint against BMI, an Indiana corporation, alleging breach of an oral agreement for the sale and purchase of ninety coils of sheet steel. FMC filed its complaint in the Northern District of Illinois, claiming federal jurisdiction under 28 U.S.C. § 1332(a)(1) based on diversity of citizenship and the amount in controversy. BMI seeks to dismiss FMC's complaint for failure to state a viable claim for recovery of an amount in excess of $50,000, the requisite jurisdictional amount.

The underlying controversy in FMC's complaint is a breach of oral contract. The complaint alleges that BMI agreed to purchase ninety coils of steel sheet from FMC for a total price of $328,896. According to the complaint, BMI took delivery of, and paid $67,104 for, nineteen coils delivered by FMC; BMI, however, has refused to accept and pay for the remaining seventy-one coils. As a result of the alleged breach, FMC claims damages in the amount of $261,792, which is the total purchase price of the steel minus the amount paid to FMC for the nineteen coils accepted by BMI.

BMI has filed the present motion on the grounds that FMC's complaint fails to state an action for the full contract price that it claims is due. According to BMI, the purported contract between itself and FMC is a transaction in goods governed by the Illinois Uniform Commercial Code (the "U.C.C."). Ill.Rev.Stat., ch. 26, § 2–102 *et seq.* Under the U.C.C., an action to recover the price of goods is limited to cases in which the goods were accepted, were lost or damaged after risk of loss passed to buyer, or in which resale of the goods is impracticable. Ill.Rev. Stat., ch. 26, § 2–709(1)(a) and (b). If an action for the price of the goods cannot be maintained, a seller's remedy for breach of contract is either the difference between the contract price and the market price at the time and place of tender or the lost profits on the contract. Ill.Rev.Stat., ch. 26, § 2–708(1) and (2).

Because FMC's complaint does not specifically allege any of the situations in which

recovery of the price of goods is permitted, BMI contends that FMC's complaint fails to state an action for the contract price that it claims is due. BMI further claims that the remedies available to FMC under the U.C.C. are inadequate to meet the $50,000 amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332. Therefore, BMI asserts that because FMC's available damages fall short of the $50,000 jurisdictional amount, the court lacks jurisdiction over the subject matter of the controversy.

■ Because federal courts are courts of limited jurisdiction, the court takes the necessary measures to discover and dismiss those suits which should never have been brought in federal court. *See Navarro v. Subaru of America Operations Corp.*, 802 F.Supp. 191, 192 (N.D.Ill.1992) (district court must jealously guard its jurisdiction); *see Bellock v. Orkin Exterminating Co.*, 754 F.Supp. 122 (N.D.Ill.1990) (court not bound to accept jurisdictional amount alleged in plaintiff's complaint). Nevertheless, long settled federal precedent holds that the amount in controversy claimed by a plaintiff in good faith will be determinative on the issue of jurisdictional amount, unless it appears "to a legal certainty that the plaintiff's claim is for less than the jurisdictional amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Risse v. Woodard*, 491 F.2d 1170, 1173 (7th Cir.1974); *Lichter v. Paine, Webber, Jackson & Curtis, Inc.*, 570 F.Supp. 533 (N.D.Ill.1983). The actual burden of proof on the jurisdictional issue always lies with the party invoking federal jurisdiction, which must support its jurisdictional allegations by "competent proof." *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979), *citing, McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence"). The plaintiff, however, must be given the benefit of any facts it could conceivably prove in support of its allegations, *Lichter*, 570 F.Supp. at 536, and the defendant bears the onerous task of demonstrating "to a legal certainty" that the plaintiff's claim is for less than $50,000. *St. Paul*, 303 U.S. at 289, 58 S.Ct. at 590. Un-

der these standards, BMI fails in its attempt to challenge FMC's alleged amount in controversy.

■ FMC's computation of damages is based on BMI's failure to purchase $261,792 worth of steel coils pursuant to the purported contract between the parties. If the steel in question, allegedly manufactured to BMI's specifications, has no resale value or a resale value of less than $211,792, FMC has a valid claim under the U.C.C. for an amount in excess of $50,000. BMI's challenge to the jurisdictional amount consists solely of the imposition of a defense to the recovery of the full price of the steel not purchased. However, BMI has presented no evidence in support of the actual value of the remaining 71 coils of steel, and it is not a legal certainty that FMC could recoup more that $211,792 if it successfully resold the coils in question.

The court will not permit a preliminary jurisdictional determination regarding recoverable damages on a facially meritorious breach of contract claim to deprive a plaintiff unfairly of a federal court trial of the case on its merits. As the *St. Paul* court stated: "[t]he inability of the plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust jurisdiction." 303 U.S. at 288, 58 S.Ct. at 590. Therefore, FMC has sufficiently pled the amount in controversy and diversity jurisdiction is proper.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is denied.

IT IS SO ORDERED.