**Otilio ROMAN, Plaintiff,**

v.

**GRAFTON TRANSIT, INC., a foreign corporation, and James F. Michelli, Defendants.**

**No. 95 C 3499.**

United States District Court, N.D. Illinois, Eastern Division.

Oct. 21, 1996.

Luis A. Aceves, Reibman, Hoffman & Baum, Chicago, IL, for Plaintiff.

Elizabeth Ann Knight, Patrick Lawrence Quist, and Robert Eugene Elworth, Knight, Hoppe, Fanning & Knight, Ltd., Des Plaines, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Otilio Roman, originally filed his complaint in state court against the defendants, Grafton Transit and James Michelli, alleging a claim for damages based on injuries arising from the collision of a car with his person. The defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441, 1446. Jurisdiction was based on diversity pursuant to 28 U.S.C. ¶ 1332. Mr. Roman now moves for an order remanding his case back to state court,[1] claiming that this Court lacks jurisdiction over his claim because the amount in controversy is less than $50,000. For the following reasons, the motion is denied.

■ In support of his motion to remand, Mr. Roman and his counsel both filed affidavits stipulating that his damages in the case will be less than $50,000 because Mr. Roman cannot maintain his lost wages claim. These post-removal stipulations, however, do not require that I remand the case. *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992); *see also St. Paul Mercury Indemnity Co., v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 591–92, 82 L.Ed. 845 (1938). Jurisdiction is determined at the time of removal and "once a

---

1. Although Mr. Roman's motion to remand comes more than one year after the defendants' notice of removal, this Court may remand a case at any time if it lacks subject matter jurisdiction over a matter. 28 U.S.C. § 1447(c) (1994) *amended by* Act of October 1, 1996, Pub.L. No. 104–219, 110 Stat 3022.

case is successfully removed a plaintiff cannot do anything to defeat federal jurisdiction and force a remand." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367 (7th Cir.1993). The critical phrase here is "successfully removed," and although Mr. Roman's stipulation alone cannot defeat this Court's jurisdiction, it does raise the issue of whether a sufficient amount in controversy existed at the time of removal. *See NLFC, Inc. v. Devcom Mid–America, Inc.*, 45 F.3d 231, 237 (7th Cir.1995).

■■■ When federal jurisdiction is challenged, the party seeking to invoke it bears the burden of establishing that the case is properly in a federal forum. *See Shaw*, 994 F.2d at 366. The party must show "to a reasonable probability that more than $50,000 is in controversy." *Id.* at 366–67 n. 2. The defendants have met their burden in this case.

In accordance with Illinois law, Mr. Roman filed a complaint that lacked a specific dollar amount in the prayer for relief. 735 ILCS 5/2–604 (1992). His complaint merely sought a "dollar amount to satisfy the jurisdictional limitations of this Court [Cook County Circuit Court] and such additional amounts as a jury and the Court shall deem proper and additionally said costs of such suit." Complaint at 4. Thus, I am left with what is known as an "indeterminate complaint." *See Johnson v. Core–Vent Corp.*, No. 90 C 613, 1990 WL 51253, at *2 (N.D.Ill. April 12, 1990). On the basis of the complaint alone, I do not know whether Mr. Roman's claim is worth $5 or $5 million. Thus, I must refer to other documents in the record besides the complaint to determine whether the defendants have satisfied their burden of demonstrating the existence of federal jurisdiction. *See Robert Kulasik Assocs., Inc. v. CBS Boring & Machine Co., Inc.*, No. 90 C 425, 1990 WL 65800, at *2 (N.D.Ill. May 7, 1990).

In this case, the Court will look to the defendants' removal petition and to the plaintiff's memorandum in support of this motion to remand.[2] *See Shaw*, 994 F.2d at 366; *Johnson*, 1990 WL 51253 at *3. Attached to the defendants' removal petition were exhibits which are instructive on this matter. In response to the defendants' request to admit facts, Mr. Roman admitted that he was claiming in excess of $50,000 and that the amount in controversy was greater than $50,-000. Amended Notice of Removal, Exh. 2 at 1, Exh. 3 at 1. Furthermore, Mr. Roman's response to interrogatories reveals that at the time of removal he was claiming $33,-961.75 in known damages resulting from medical bills and lost wages at that time. Plaintiff's Memorandum in Support, Exh. 5 at 3, 10. The combined effect of the above two admissions demonstrates a reasonable probability that more than $50,000 was in controversy.

Mr. Roman's actual damages represent more than two-thirds of the necessary amount for federal jurisdiction in a diversity action. This figure, however, includes only actual medical expenses and does not represent any amounts for pain and suffering. A reasonable probability therefore exists that Mr. Roman could recover more than $50,000 given the extent of injuries alleged in his complaint. He claimed injuries to his entire body, including his head, limbs, muscles, ligaments and nerves, which have caused and will continue to cause him much physical pain and mental anguish necessitating "large sums of money for medical expenses" now and in the future. Complaint at 3. In similar cases outside this Circuit, courts have found a reasonable probability that a plaintiff's damages from similar injuries could exceed $50,000. *See Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir.1993); *Johnson v. Dillard Dept. Stores, Inc.*, 836 F.Supp 390, 395 (N.D.Tex.1993).[3] Therefore, on this basis

**2.** The defendants, who heavily relied on *Shaw* in opposing this motion to remand, seemed to have overlooked one important lesson from that case. *Shaw* clearly instructs that parties seeking to invoke federal jurisdiction bear the burden of proof on this issue. 994 F.2d at 366. Nevertheless, the defendants failed to make any arguments on this point or even to refer the Court to the removal notice. The importance of deter-

mining federal jurisdiction is the only reason this Court departs from its traditional refusal to complete research or make arguments for a party. The defendants would be well advised to consider this admonishment in future filings.

**3.** A case from this District has reached an opposite conclusion to the one that I reach here. In *Navarro v. Subaru of America Operations Corp.*,

alone, remand would be improper because federal jurisdiction had attached at the time of removal.

An additional fact bolsters the Court's decision to deny remand. Mr. Roman himself conceded in the defendants' request for admissions that he was seeking more than $50,-000 in damages. The Seventh Circuit has affirmed a denial of remand under similar circumstances where the party opposing remand has admitted previously that the amount in controversy was satisfied. *Shaw*, 994 F.2d at 367–68. Accordingly, the motion to remand is denied on the basis of Mr. Roman's admissions regarding his damage amounts and the reasonable probability that his damages could exceed the $50,000 threshold.

the court stated that "the gap between $30,000 asserted in the complaint and $50,000 alleged in the notice of removal is too large a leap of faith for the court." 802 F.Supp. 191, 194 (1992). That decision, however, has been criticized by the Seventh Circuit for applying too stringent of a standard when determining the amount in controversy. *Shaw*, 994 F.2d at 366–367 n. 2.