983 F.2d 1085
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Robert W. HOLMES, Charles A. Horn, Bost Enterprises
Inc., Dean Ota Enterprises Inc., and Fosdick
Corp., Petitioners.
 Misc. No. 352.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Robert W. Holmes, Charles A. Horn, Bost Enterprises Inc., Dean OTA Enterprises Inc., and Fosdick Corp. (Bost) petition for a writ of mandamus to direct the United States District Court for the for the Middle District of Florida to transfer Stuff v. Holmes, No. 91-517 Civ. ORL-20, to the United States District Court for the District of Connecticut for consolidation with Bost Enterprises, Inc. v. Stuff, No. 591 CV 00211. Alfred O. Stuff, Jr. et al. (Stuff) oppose. Bost moves for leave to file a reply, with reply attached.
 
 
 2
 Briefly, Stuff initially sued Bost in the Florida district court for patent infringement. The suit was dismissed without prejudice in February of 1991 for failure of Stuff to comply with pretrial deadlines. Apparently, Stuff was permitted to refile its suit in April 1991, but did not do so.
 
 
 3
 On May 31, 1991, Bost filed a declaratory judgment suit against Stuff in the Connecticut district court because Stuff had been mailing "cease and desist" letters to customers. In July 1991, Stuff refiled its infringement suit against Bost in Florida. Shortly thereafter, Stuff moved the Connecticut district court to transfer Bost's case to Florida. The Connecticut district court denied the motion, delineating its reasons therefor. Bost, in turn, moved the Florida district court to transfer Stuff's case to Connecticut. The Florida district court denied the motion without stating any reasons.
 
 
 4
 Here, Bost argues that the two actions are virtually mirror images of each other and that the second-filed action should be transferred. Hence, Bost asks that we direct the Florida district court to transfer its case to Connecticut. We agree with Bost that only one case should go forward. Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960) (to "permit a situation in which two cases involving precisely the same issues are simultaneously pending in different district courts leads to wastefulness of time, energy and money that § 1404(a) was designed to prevent"). However, we decline to direct the Florida district court to transfer its case without knowing the reasons it denied the motion to transfer in the first instance. We note that the parties have presented widely divergent arguments concerning the proceedings in Florida. Further, because a different district court judge has recently been assigned to hear the case in Florida, we deem it appropriate for Bost to be permitted to renew its motion to transfer in Florida. Whether the motion is denied or granted, it is important that the district court state the reasons for its ruling. See, Matter of Shell Oil Co., 966 F.2d 1130 (7th Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Bost's petition for a writ of mandamus to direct the Florida district court to transfer its case to Connecticut is denied.
 
 
 7
 (2) A writ is granted for the limited purpose of allowing Bost to renew its motion to transfer and to allow the Florida district court to consider the motion anew.
 
 
 8
 (3) Bost's motion for leave to file a reply is granted.